**Indictment and information ⬅110(5½)—Indictment for pandering, in language of statute, held insufficient.**

Indictment for pandering, in language of statute, *held* insufficient, as alleging no facts showing how offense was committed.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Harrison Hammonds was convicted of pandering, and appeals. Reversed, and case dismissed.

Ben L. Russell, of Baird, and W. J. Cunningham and J. F. Cunningham, both of Abilene, for appellant.

Milburn S. Long, Dist. Atty., of Abilene, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction in the district court of Callahan county for pandering; punishment 5 years in the penitentiary.

In our view of the case we notice but one contention. The indictment contained a number of counts, the state electing to prosecute under the first, which is as follows:

"In the county and state aforesaid, Harrison Hammonds did, then and there, unlawfully procure, and was concerned in procuring with her consent, a female inmate, to wit, Anna Erwin, for a house of prostitution."

Appellant made a motion to quash on the ground that the indictment charged no offense against the laws of the state. The indictment follows the language of the stat-

ute. This was held not to be sufficient in Kennedy v. State, 86 Tex. Cr. R. 450, 216 S. W. 1086, which discusses the question at length. We see no reason for disagreeing with the holding in that case. An examination of the instant indictment will show that it sets out no facts showing how the offense was committed by appellant. It does not set out as much as did the indictment in the Kennedy Case, supra.

For the failure of the indictment to charge an offense, the judgment must be reversed, and the case ordered dismissed.

---

### MARTIN v. STATE. (No. 8754.)

(Court of Criminal Appeals of Texas. April 8, 1925. Rehearing Denied June 3, 1925.)

**1. Criminal law ⬅1086(14), 1090(14)—Refused charges not reviewed in absence of exceptions taken.**

Refused charges will not be considered where no bill of exceptions is taken to their refusal nor any notation is made thereon that exception was reserved.

**2. Intoxicating liquors ⬅227—Testimony as to accused's good reputation properly excluded where accused not offered as witness and reputation not attacked.**

Where, in a liquor prosecution, accused has not been offered as a witness, and no attack on his reputation for truth and veracity has been made, testimony as to accused's good reputation is properly refused.

**3. Witnesses ⬅274(1)—State could question witness as to paying fine of accused's companion to whose good character he is testifying.**

Where accused, in prosecution for transporting liquor, offered to prove good reputation of his companion, the state may ask character witness if he had not paid such companion's fine for carrying a pistol.

**4. Criminal law ⬅1170(1)—Excluding testimony of character witnesses as to reasons for paying fine of accused's companion, if error, held harmless.**

Where court permitted state to question witness as to paying fine of accused's companion, to whose good reputation he was testifying, it was harmless, if error, to decline to let witness give reasons for so doing, inasmuch as such testimony was incapable of affecting deceased's guilt or innocence.

On Motion for Rehearing.

**5. Intoxicating liquors ⬅239(4) — Defense that someone put liquor in defendant's car unknown to him held sufficiently presented by charge.**

Where, in a prosecution for transporting liquor, defendant claimed liquor was placed in his car by some one else, instructions that if jury believed some one else put whisky in accused's car unknown to him, or if they had reasonable doubt of such fact, he should be

---

acquitted, sufficiently presented defendant's theory of defense.

**6. Criminal law ⬅➡742(1)—It is for the jury to solve contradictions in testimony.**

Contradictions in testimony are for the jury to solve.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

A. C. Martin was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Vickers & Campbell, of Lubbock, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Lubbock county of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Appellant lived at the little town of Abernathy, and seems to have owned an old Ford car which he ran as a service car. On the night in question he was seen by officers in Lubbock at various times between 8 o'clock at night and 2 o'clock the next morning, at which latter time he was arrested. The officers were watching a place where they suspected a group of negroes were engaged in gambling, and saw a car coming, and observed it turn into the alley where they were, and come down to a point where it stopped opposite a house occupied by a negro woman. Appellant was driving the car. When the car stopped at the woman's house, appellant got out and went into the house. Another man was in the car, who then drove it down to the corner. The officers went to the corner and found one J. B. Dunlap in the car and arrested him, and at once went to the negro woman's house and arrested appellant. In the car was found a two-gallon jug containing something over a gallon of whisky, which upon analysis was found to contain 38 per cent. alcohol. Other bottles containing more or less of the same liquid were in the car. The car seems not to have been out of the officers' sight from the time they saw it coming down a public street and into a public alley until it was searched and the liquor found in it. Appellant denied being in the car when it drove up to the point where the officers found it, but claimed to have gone on foot to the woman's house. He said that he had lent his car some time before that during that night to a stranger whom he had carried from Abernathy to Lubbock earlier in the night; that he did not even know his car was parked in the neighborhood of the woman's house, and that he had no connection with the liquor found in it. These defensive matters were submitted appropriately and affirmatively, both in the main charge and special charges which were given, and the fact issues which were decided against appellant seem supported by the testimony.

[1] We do not regard this as a case of circumstantial evidence. According to the state's testimony, appellant was driving the car on a public highway, which car when searched contained intoxicating liquor. Appellant had several special charges given and some refused, but no bill of exceptions was taken to the refusal, nor is there any notation upon the refused charges that an exception was reserved when the court declined to give them.

[2] By a bill of exceptions appellant complains that a number of witnesses introduced by him were not permitted to testify that his general reputation for truth and veracity was good. At the time these witnesses were on the stand appellant had not been offered as a witness, nor had any attack been made on his reputation for truth and veracity. Numerous authorities are cited by Mr. Branch in his Annotated Penal Code, page 115, holding that in such case proof of the general reputation of the defendant for truth and veracity is not receivable.

[3, 4] For some reason appellant saw fit to undertake to prove the good reputation for peace and quietude and as a law-abiding citizen, and for being a hard-working man, of his companion in the car, J. B. Dunlap. He introduced witnesses to testify in this regard. We do not think it at all amiss for the state to ask one of appellant's witnesses if it was not true that witness had paid a fine for J. B. Dunlap for carrying a pistol on the occasion of the alleged transportation of the intoxicating liquor. We think the reason offered by the witness for having paid said fine might have been received by the trial court, but his action in declining to let the witness testify in full to said reasons seems so far incapable of affecting the question of appellant's guilt or innocence in the instant case as that the rejection of such testimony would not be held to be reversible error. Statements made by the appellant at variance with his testimony as given upon the trial could be proved against him by the state in rebuttal. This disposes of all the contentions made by appellant, and finding no error in record, judgment is affirmed.

On Motion for Rehearing.

Appellant insists that it was error for us to uphold the refusal of the testimony of a number of witnesses by whom he expected to prove his good reputation for truth and veracity, and states in his motion that, as a fact, said witnesses were offered to prove said reputation after appellant had testified. In the light of his insistence we have again

examined the record. The statement of facts shows that each of the witnesses named took the stand and testified before appellant did so. Neither in the statement of facts nor in the transcript do we find anything showing that they were afterward offered, or that they took the stand after appellant became a witness. As far as we are able to ascertain, they were on the witness stand but once, and that one time was prior to appellant becoming a witness. The bill of exceptions presenting this complaint states: "Be it remembered, that upon trial of the above case, Sam Smith, N. C. Hix et al., each and all being upon the witness stand, defendant proposed to prove by each," etc. It appearing from the record that said witnesses gave testimony prior to appellant, and, as stated in the bill of exceptions, that "while on the witness stand each was asked" about appellant's reputation, and there being nothing suggesting a subsequent offer of the witnesses or the testimony, we are forced to conclude that our statement in the original opinion, and our disposition of this matter, was correct

Appellant renews his complaint of the fact that A. A. Dunlap was not allowed to explain why he had paid a fine for J. B. Dunlap for carrying a pistol. J. B. Dunlap was not on trial and was not a witness in this case, and we are unable to see any reason why appellant should have injected the issue of J. B. Dunlap's reputation in this record, or why he should have undertaken to prove that J. B. Dunlap had never been convicted for a felony or any other offense, but, having done so, we see no objection to the court permitting the same witnesses, who testified to the above facts for the defendant, being asked if one of them had not paid a fine for J. B. Dunlap for carrying a pistol. The proposition of undertaking to explain why witness had paid the fine seems to us to shed no possible light on the guilt or innocence of this defendant. It could consist either only of hearsay testimony or the opinion of the witness.

[5] Appellant insists again that his defensive theories were not presented to the jury. The learned trial court gave his special charges Nos. 1 and 2. In the first the jury were told that if, from the evidence, they believed that J. B. Dunlap or some third party had put the whisky in appellant's car, and that the latter did not know it was there, or if the jury had a reasonable doubt of such fact, he should be acquitted. In the other, the jury were told that before they could convict in this case they must believe from the evidence beyond a reasonable doubt that appellant knew the whisky was in the car and also that he either placed it there or permitted J B. Dunlap or some third party to put it there, and further that they must believe beyond a reasonable doubt that appellant knew it was whisky that was in the car, and that he had control and possession thereof. The court having given these charges, we see no possible room for complaint on the ground that his defensive theories were not presented.

[6] The case was not on circumstantial evidence. The car admitted to be appellant's was driven down the alley, and the officers identified appellant positively as the party driving the car. After appellant got out of it, it was driven a little farther, and the officers went immediately to where the car was stopped and found in it the whisky. The fact that appellant denied having driven the car, and denied any knowledge of the presence of the whisky in the car, and affirmed that he lent the car to a stranger, but injects the theory of contradictory testimony in the case. These contradictions were for the jury to solve, and in their solution the state relied on the positive testimony of its witnesses to the identity of appellant, and he relied upon his testimony to the contrary.

Being unable to agree with any of appellant's contentions, the motion for rehearing will be overruled.