Henry Thomas v. The State.

No. 9035.     Delivered May 6, 1925.

Rehearing denied June 10, 1925.

1.—Possessing Intoxicating Liquor—Charge of Court—Held, Correct

Where on a trial for the possession of intoxicating liquor the evidence showed the finding of more than five gallons of whisky in appellant's home, the court properly charged the jury that the possession of spirituous liquors in quantities of more than one quart should be *prima facie* evidence of guilt, but that the accused should have the right to introduce evidence showing the legality of such possession.

2.—Same—Special Charges—Practice on Appeal.

Where a record on appeal discloses special charges, asked and refused but neither by notation on same nor by separate bills of exceptions was there any exceptions reversed to the action of the trial judge in refusing such charges, same will not be considered on appeal. Merely marking "refused" on a charge without notation that exception was taken or reserved to the refusal thereof, and failure to present and preserve proper bills of exception, is not sufficient. See Linder v. State, 250 S. W. 703.

3.—Same—Facts Proven—Province of Jury.

The jury is not bound to accept exculpatory evidence presented by the accused, even though uncontradicted. "From the fact that a witness is unimpeached and uncontradicted it does not follow that the jury are necessarily bound to believe his evidence to be true. There is no such positive rule, any more than that they must reject his testimony if evidence has been offered to impeach him." See Satterwhite v. State, 6 Tex. Crim. App. 609.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for possession of intoxicating liquor, for the purpose of sale.

The opinion states the case.

*James L. Bailey, C. F. Stevens,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

Officers searched appellant's premises and found five one gallon jugs of whisky, a pint bottle two thirds full of the same liquid, several whisky glasses of different sizes, a small funnel, a half pint of coloring matter, another half pint bottle about one third full of whisky, and some twenty-five empty pint bottles. Appellant was coming out of the room in which the liquor was when the officers met him. No explanation or claim in regard to the liquor was made by appellant at the time it was found and he was arrested. On the trial of the case appellant did not testify but introduced his wife. She claimed that she bought the whisky from an Italian who drove up to her house on the day the officers came; she did not know the Italian's name and had never seen him before; he was in a car alone, and he knocked at the door and asked if that was the place where Aurelia Thomas lived and said that a man told him that she wanted to buy some whisky. She further testified that she replied that she did and asked him how much he had and he said five gallons, and she tried to buy a quart but he told her he could not get rid of a quart, that if she would take the five gallons he would let her have it at fifteen dollars. She also said that she got the coloring matter that was found by the officers, from a woman to put into cakes. She also said that she got the whisky in the bottles from other people and did not get it from the Italian. She claimed to be suffering from asthma and explained the presence of whisky glasses of different sizes by saying that when she had the asthma bad she took her whisky in the big glass, and when she did not have it quite so bad she took it in the next smaller one, and when her attacks were not so severe she took a dose in the little glass. She said she got the coloring matter from a colored woman.

There are no bills of exception in the record. The only exception to the charge of the court was to the paragraph wherein the trial court told the jury that under the law of this State where one is found in possession of spirituous liquors in quantities of more than one quart it should be *prima facie* evidence of guilt, but that the accused shall have the right to introduce evidence showing the legality of such possession,—the exception being taken to this on the ground that it was on the weight of the evidence. We find

nothing in the exception which was merely to a statement of the law of this State. No other exceptions were taken to the charge, nor to any matter of procedure during the trial of the case.

Four special charges were asked and refused, but neither by notation on same, nor by separate bill of exceptions was there any exception reserved to the action of the trial judge in the refusing of said charges: In such case there is nothing for this court to review.

In oral argument appellant insisted that inasmuch as his wife had testified that she bought the liquor herself for her own use as medicine, and this was not rebutted by the testimony of any witness, the State's case was overthrown and the evidence was insufficient to support the judgment of conviction. A jury is not compelled to accept as true any statement or explanation made by the accused which rebuts the State's case; nor do we perceive any difference in the attitude of the wife of the accused which would compel the jury to accept as true any defensive testimony or statement made by her in behalf of her husband.

The jury have the right to accept or reject the testimony of any witness. The only witness introduced by the defendant was his wife and her story appeared on its face a little remarkable. She said she had been paying three and four dollars a pint for whisky, but that she bought five gallons at three dollars a gallon from a man she had never seen before who drove up to her house with it in a car. Her explanation of the presence of the coloring matter and of the drinking glasses and of the empty bottles was probably unsatisfactory to the jury.

Believing the evidence sufficient, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant contends at length that we should have considered his special charges which were simply marked "refused" without any notation on said charges of the fact that exception was taken or reserved to the refusal thereof. and to the refusal to give which no separate bill of exceptions was taken. The exact point thus raised by appellant was made the subject of careful and exhaustive discussion in an opinion written by Presiding Judge Morrow in the case of Linder v. State, 250 S. W. Rep. 703, opinion on rehearing. We can add nothing to the conclusions announced in that case.

Appellant insists that because no witness in terms contradicted the testimony of his wife, the jury should have accepted it as true

and returned a verdict of not guilty. We regret that we cannot agree with this contention. There are some statements appearing in subdivision 6 of notes under Art. 786 Vernon's C. C. P., but the cases cited therein should be looked to and the language used by the annotator carefully considered. The rejection of the testimony of a near relative, or of the wife of the accused, or of a witness who might not be deemed truthful under the circumstances by the jury, would not be an arbitrary rejection. In Satterwhite v. State, 6 Texas Crim. App. 609, a theft case, the accused produced a witness who swore that he was present and· saw the defendant swap for the alleged stolen animal. No one contradicted this, but this court held, in an opinion rendered by Judge White, that the jury would not have to accept the story thus told unless they saw fit. From the opinion in that case we quote:

"From the fact that a witness is unimpeached and uncontradicted, it does not follow that the jury are necessarily bound to believe his evidence and take it as true. There is no such positive rule any more than that they must reject his testimony if evidence has been offered to impeach him."

As above observed, this reasoning of Judge White applies with peculiar force to the testimony of one who by reason of close relationship might be deemed by the jury to be biased.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*