### FRANK WARD V. THE STATE.

No. 10454. Delivered December 6, 1926.

**1.—Theft of Hogs—Requested Charges—When Presented to Court.**

It has been the long settled rule of practice in this state, both by statute and the decisions of this court, that requested charges must be presented to the trial court before his main charge is given to the jury, and on appeal this requirement must be shown to have been compied with, either by the certificate of the trial court on the charges presented, or by bills of exception. Failing to comply with this rule of practice no error is shown in the refusal to give appellant's requested charges. See Art. 658 Vernon's C. C. P., also Castleberry 1. The State, 88 Tex. Crim. Rep. 502.

**2.—Same—Bill of Exception—Multifarious—No Error Presented.**

In his bill of exception No. 1 the appellant embraces bills of exception Nos. 1 to 5, inclusive, complaining of the action of the court in refusing his special charges, and complains of the argument of the district attorney and embraces all the matters set out in his motion for a new trial. This bill is multifarious and presents no error. See Nugent v. The State, 273 S. W. 598.

Appeal from the District Court of Medina County. Tried below before the Hon. Joseph Jones, sitting in exchange with the Hon. L. J. Brucks, Judge 38th Judicial District of Texas.

Appeal from a conviction for the theft of hogs; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Medina County for theft of hogs, and his punishment assessed at two years in the penitentiary.

Briefly stated, the record discloses that the appellant and the prosecuting witness, J. W. Meeks, were neighbors and that the prosecuting witness was the owner of a small bunch of hogs. These hogs went upon the premises of the appellant on about three different occasions and were penned by him. On the first and second occasions the appellant claimed damages to his crop, and he and the prosecuting witness settled the matter by said witness giving to him three of the hogs. Thereafter the prosecuting witness again missed his hogs and his son tracked them to the premises of the appellant, who told the prosecuting witness' son, upon inquiry, that he had seen nothing of them. About a month later the hogs were located quite a distance from the premises of the appellant with their ears cropped off in a manner which disguised or destroyed the mark of the owner thereon. The appellant testified that he took the hogs in question and delivered them to his step-son-in-law, at night, and suggested to him that he dispose of them if he got a chance to do so, and suggested that he cut off their ears and tails. The appellant's step-son-in-law, Burnett, corroborated the testimony of the appellant, in effect, and admitted that he cut the hogs' ears off and sold them to the parties in whose possession they were found by the prosecuting witness. The appellant defended upon the ground that the prosecuting witness told him that if the hogs returned to his premises, he could have them. This testimony was denied by the owner, Meeks.

The appellant complains of the refusal of the court to give to the jury his special charges 1 and 2, to the effect that if they believed the appellant took the hogs in good faith, believing that Meeks told him to keep them in the event they again depredated upon his land, to return a verdict of not guilty; and that unless the jury believed that the statement made by the appellant, as testified to by the witness, Burnett, to the effect that the hogs

were given to him in payment for damages to his crop, had been proved false by the state, to find the appellant not guilty. Neither the objections to the court's general charge, nor the said special charges, show that the objections or special charges were presented to the court before the main charge was read to the jury, and failing in these particulars, we are unauthorized, under Art. 658, Vernon's C. C. P., and authorities collated thereunder, to consider same. Also see Castelberry v. State, 88 Tex. Crim. Rep. 502.

Also, there is no exception to the refusal of the court to give said special charges noted on same, nor is there any proper bill of exception in the record supplying this deficiency. This court has frequently held that to consider the refusal of a trial court to give a special charge, the appellant must either have his exception noted on said special charge, or properly preserve a bill of exception to that effect. Martin v. State, 272 S. W. 791; Thomas v. State, 273 S. W. 571.

It might not be amiss to say, however, that we think the court, in his general charge, fairly submitted the issues attempted to be raised in appellant's special charges 1 and 2.

In bill of exception 1 the appellant attempts to collate what he denominates bills of exception 1 to 5, inclusive, complaining of the action of the court in refusing to give said special charges, the closing argument of the district attorney, and embracing all the matters set out in his motion for new trial, among which is the alleged insufficiency of the evidence to sustain the verdict. This bill, as presented, shows no errors. Nugent v. State, 273 S. W. 598. We are unable to agree with the appellant's contention as to the insufficiency of the evidence. The prosecuting witness, Meeks, testified that he gave no one authority to take the hogs in question, that they were duly marked when they left his premises, that when he found them about a month later their ears were cropped off so as to disguise his mark, and denied that he told the appellant that he could have the hogs for the damage he had sustained if they returned again to his premises. The appellant admitted that he carried the hogs off, delivered them at night to his step-son-in-law and suggested that he cut their ears and tails off. The jury, after having had the controverted issues of fact submitted to them, decided against the appellant, and we think the evidence was sufficient to warrant their verdict.

After a careful examination of the entire record, we are of

the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.