## J. M. SELF V. THE STATE.

No. 10815.   Delivered April 20, 1927.

Rehearing denied June 8, 1927.

1.—Possessing Intoxicating Liquor—Requested Charges—Refusal Of—Practice on Appeal.

Unless the refusal of the trial court to give special charges is excepted to at the time, or reserved by a bill of exception, the matter will not be reviewed on appeal. This has long been the rule of practice in this state. See Nichols v. State, 238 S. W. 232; Martin v. State, 272 S. W. 791, and Thomas v. State, 273 S. W. 571.

2.—Same—Bills of Exception—Incomplete—No Error Shown.

Where appellant objected to the introduction of evidence discovered by a search of his premises and his bill of exception merely shows that he objected to the evidence on the ground that no search warrant had issued, authorizing the search, and there is no certificate or other evidence of the truth of the objection, same is insufficient for review. See Townsley v. State, 281 S. W. 1054; Murff v. State, 281 S. W. 1076; Sec. 209 Branch's Ann. P. C.

3. — Same — Search and Seizure — Consent of Owner — Warrant Not Necessary.

Where appellant occupied a rented house, and the owner of the farm on which it was located, gave his consent to the search of the farm, and no search was made of the house occupied by appellant, he could not be heard to complain of the search of the farm, which was neither owned by him, nor in his possession.

ON REHEARING.

4.—Same—Requested Charges—Practice in Criminal Cases.

There is a difference in the practice in our civil courts, with reference to requested charges, and that prevailing in the criminal courts. This was pointed out in the Linder case, 94 Tex. Crim. Rep. 316, on rehearing. In the criminal courts, the refusal to give a requested charge must be excepted to at the time, or the refusal preserved in a bill of exception, to be reviewed on appeal. It is so provided by statute. See Art. 666, C. C. P. 1925, Vernon's C. C. P., Vol. 2, p. 334, note 59, and cases cited.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

The names of attorneys signed to appellant's brief are not legible, and cannot, for that reason, be printed.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of unlawfully possessing for the purpose of sale spirituous, vinous, and malt liquor capable of producing intoxication, and was sentenced to one year in the penitentiary.

The appellant, together with a Mr. Sneed, rented a house from Burt Brown about a mile and a half from the town of Cross Plains on what is known as the Cottonwood Road. The house is located on a 91-acre tract of land. No part of the land was rented to the appellant and his partner Sneed. A short time afterward officers raided the premises rented by appellant and found many pint bottles of beer. The beer was in a barrel buried out in the brush about fifty steps from the house. The appellant and his partner Sneed and one other party were arrested; appellant being arrested a day or two after the raid. Sneed and the other party were arrested at the time of the raid. The evidence further shows a number of the witnesses for the state drank several bottles of the beer and became more or less intoxicated.

There are no objections and exceptions to the court's charge. We find for our review two special charges which were refused by the court. The record does not disclose that the appellant excepted to the court's refusal to give said special charges or that the appellant reserved any bill of exception to the court's refusal. For this reason, the trial court's refusal to give such

special charges cannot be reviewed. Nichols v. State, 238 S. W. 232; Martin v. State, 272 S. W. 791; Thomas v. State, 273 S. W. 571.

The record contains but two bills of exception, both of which complain of the receipt of evidence procured without a search warrant. Exception was reserved upon the ground that the witness Jim McMillin, a deputy sheriff, testified that he searched the premises and found, out in the edge of the brush, about forty steps from the house, a barrel containing some ice water, a quart of milk, and some choc beer; that there were one or two dozen pint bottles of beer in the barrel; and that in the brush near the barrel he found two sacks with two dozen bottles in each sack. The bills of exception recite that the above testimony was objected to by appellant at the time it was offered upon the ground that said search and seizure was made by said deputy sheriff, Jim McMillin, without an affidavit for a search warrant, and without a legal search warrant describing the place or person to be searched, or thing to be seized, and that said search and seizure was without the permission of the appellant, and for these reasons was an unlawful search and seizure under the laws of Texas, and any evidence found, or anything seized, by said officer while making such unlawful search would not be admissible against the appellant. The court properly overruled the objections made by appellant. The bills of exception do not show that a search and seizure was actually made by the deputy sheriff without a search warrant. There is no certification of the truth of the matters contained in the objections set out in the bills, but they appear in the bills as grounds of objection only. We do not think this is sufficient. Townsley v. State, 281 S. W. 1054; Murff v. State, 281 S. W. 1076; Sec. 209, Branch's Ann. P. C.

The record further discloses that the appellant rented the house and not the land; that the owner of the land consented to a search of the farm; that the beer seized by the officer was not in the yard surrounding the house rented by appellant, but was out in the brush some fifty steps from the house on premises owned by the witness Burt Brown, who gave his consent to the officer to search said premises. Craft v. State, No. 9858, opinion April 6, 1927.

After a careful consideration of the record, we have concluded that the facts are sufficient to support the verdict and there is no valid reason why the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant contends that the special charges refused should be considered, notwithstanding there was no exception taken to their refusal at the time of the trial. The distinction between the practice in civil and criminal cases grows out of the different statutory provisions. These are pointed out in Linder's case, 94 Tex. Crim. Rep. 316 (rehearing, p. 322). An attempt was also made in that case to state the reasons underlying the distinction. In the present instance, in declining to consider the special charges, this court but followed the mandate of the legislature. See Art. 666, C. C. P., 1925; Vernon's C. C. P., Vol. 2, p. 334, note 59, and cases cited.

The motion is overruled.

*Overruled.*