SELF v. STATE.    (No. 10815.)

Court of Criminal Appeals of Texas.    April 29, 1927.

Rehearing Denied June 8, 1927.

1. Criminal law ⊜⟼1086(14)—Refusal to give special charges is not reviewable, where record fails to show exception or reservation of exception (Code Cr. Proc. 1925, art. 666).

The trial court's refusal to give requested special charges in a criminal case is not reviewable, where the record fails to disclose that the appellant excepted to or reserved any bill of exception to the refusal, under Code Cr. Proc. 1925, art. 666, providing that all objections to the refusal of special charges shall be made at the time of trial.

2. Criminal law ⊜⟼1092(14)—Bill of exception to admission of evidence as procured without warrant is insufficient without certification to truth of matters alleged as grounds of objection.

Bill of exception to the receipt of evidence of liquor on the ground that it was procured without a search warrant is insufficient, where there is no certification to the truth of the matters set out in the bill, but they appear as grounds of objection only.

3. Criminal law ⊜⟼394—Evidence of liquor procured without search warrant in search under owner's consent on land adjoining defendant's premises held admissible.

Evidence of liquor procured 50 steps from rented house on adjoining farm, whose owner consented to search, held admissible in prosecution against the tenant of the house, though obtained without search warrant.

4. Intoxicating liquors ⊜⟼236(7)—Evidence held to support conviction for possessing intoxicating liquor for purpose of sale.

Evidence held to support conviction for possessing for purpose of sale liquor capable of producing intoxication.

Commissioners' Decision.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

J. M. Self was convicted of unlawfully possessing, for the purpose of sale, spirituous, vinous, and malt liquor capable of producing intoxication, and he appeals. Affirmed.

J. R. Black, of Baird, and J. F. Cunningham and Oliver Cunningham, both of Abilene, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

BETHEA, J. The appellant was convicted of the offense of unlawfully possessing for the purpose of sale spirituous, vinous, and malt liquor capable of producing intoxication, and was sentenced to one year in the penitentiary.

The appellant, together with a Mr. Sneed, rented a house from Burt Brown about a mile and a half from the town of Cross Plains on what is known as the Cottonwood road. The house is located on a 91-acre tract of land. No part of the land was rented to the appellant and his partner, Sneed. A short time afterwards officers raided the premises rented by appellant and found many pint bottles of beer. The beer was in a barrel buried out in the brush about 50 steps from the house. The appellant and his partner, Sneed, and one other party were arrested; appellant being arrested a day or two after the raid. Sneed and the other party were arrested at the time of the raid. The evidence further shows a number of the witnesses for the state drank several bottles of the beer and became more or less intoxicated.

[1] There are no objections and exceptions to the court's charge. We find for our review two special charges which were refused by the court. The record does not disclose that the appellant excepted to the court's refusal to give said special charges, or that the appellant reserved any bill of exception to the court's refusal. For this reason, the trial court's refusal to give such special charges cannot be reviewed. Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232; Martin v. State, 100 Tex. Cr. R. 376, 272 S. W. 791; Thomas v. State, 100 Tex. Cr. R. 288, 273 S. W. 571.

[2] The record contains but two bills of exception, both of which complain of the receipt of evidence procured without a search warrant. Exception was reserved upon the ground that the witness Jim McMillin, a dep-

─────────────────────────────────────────
⊜⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

uty sheriff, testified that he searched the premises and found, out in the edge of the brush, about 40 steps from the house, a barrel containing some ice water, a quart of milk, and some Choc beer; that there were one or two dozen pint bottles of beer in the barrel; and that in the brush near the barrel he found two sacks with two dozen bottles in each sack. The bills of exception recite that the above testimony was objected to by appellant at the time it was offered upon the ground that said search and seizure was made by said deputy sheriff, Jim McMillin, without an affidavit for a search warrant, and without a legal search warrant describing the place or person to be searched, or thing to be seized, and that said search and seizure was without the permission of the appellant, and for these reasons was an unlawful search and seizure under the laws of Texas, and any evidence found, or anything seized, by said officer while making such unlawful search, would not be admissible against the appellant. The court properly overruled the objections made by appellant. The bills of exception do not show that a search and seizure was actually made by the deputy sheriff without a search warrant. There is no certification of the truth of the matters contained in the objections set out in the bills, but they appear in the bills as grounds of objection only. We do not think this is sufficient. Townsley v. State, 103 Tex. Cr. R. 508, 281 S. W. 1054; Murff v. State, 103 Tex. Cr. R. 617, 281 S. W. 1076; section 209, Branch's Annotated Penal Code.

[3] The record further discloses that the appellant rented the house and not the land; that the owner of the land consented to a search of the farm; that the beer seized by the officer was not in the yard surrounding the house rented by appellant, but was out in the brush some 50 steps from the house on premises owned by the witness Burt Brown, who gave his consent to the officer to search said premises. Craft v. State (No. 9858) 295 S. W. 617, opinion April 6, 1927.

[4] After a careful consideration of the record, we have concluded that the facts are sufficient to support the verdict and there is no valid reason why the judgment should be reversed, and it is therefore affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Appellant contends that the special charges refused should be considered notwithstanding there was no exception taken to their refusal at the time of the trial. The distinction between the practice in civil and criminal cases grows out of the different statutory provisions. These are pointed out in Linder's Case, 94 Tex. Cr. R. 316, 250 S. W. 703 (rehearing, page 322 [250 S. W. 706]). An attempt was also made in that case to state the reasons underlying the distinction. In the present instance, in declining to consider the special charges, this court but followed the mandate of the Legislature. See article 666, C. C. P. 1925; Vernon's C. C. P. vol. 2, p. 334, note 59, and cases cited.

The motion is overruled.