## Chas. McAllister v. The State.

### No. 4407.    Decided February 10, 1909.

**1.—Same—Gaming—Charge of Court—Place—Pleading.**

Where upon trial for gaming the indictment charged that the defendant played at a game with cards, etc., in the woods, and the court failed to charge that the jury must find that said game was played in the woods, as requested by the defendant, there was reversible error.

**2.—Same—Charge of Court—Date.**

Upon trial for playing a game with cards on Sunday, December 8, 1907, the State was not restricted to this particular date, but could prove the offense at any time within the period of limitation, and the inclusion of the word Sunday would not change this rule.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted on a charge preferred by information in the County Court of Montague County, alleging that he "did then and there unlawfully play at a game with and of cards at a place not then and there a private residence occupied by a family, to wit: in the woods on Sunday night, December 8, 1907." On this charge he was convicted and his punishment assessed at a fine of $10. By the Act of the Twenty-Seventh Legislature, page 26, it is provided that "if any person shall play at any game with cards at any house for retailing spirituous liquors, storehouse, tavern, inn or any other public house, or in any street, highway or other public place, or in any outhouse where people resort, or at any

place except a private residence occupied by a family, or if any person shall bet or wager any money or other thing of value, or representative of either, or at any game of cards, except in a private residence occupied by a family, and the provision of this act that permits gaming in a private residence shall not apply in case such residence is one commonly resorted to for the purpose of gaming, he shall be fined not less than ten nor more than twenty-five dollars."

1.   The court charged the jury in substance that if they believed from the evidence submitted before them, beyond a reasonable doubt, that appellant did, in Montague County, Texas, play at a game of cards at any place, except a private residence, occupied by a family on and about the time alleged in the information and within two years prior to December 8, 1907, they would find the defendant guilty and assess his punishment at a fine of not less than ten nor more than twenty-five dollars.   Appellant's counsel requested the court to charge the jury, in substance: first, that unless they found beyond a reasonable doubt that appellant played at a game of cards on Sunday night, December 8, 1907, they would acquit him.   And also, in substance, second, that unless the State has proved beyond a reasonable doubt that the alleged card playing was in the woods, they would find the defendant not guilty.   The evidence concerning the date of the alleged offense is left in considerable doubt, being placed by the prosecuting witness as sometime in the fall of 1907.   There is some slight evidence, possibly sufficient, that the game in question was played in the woods.   The witness Jessie says:   "While we were playing we thought we heard some one in the bushes near us and we gathered up our cards and ran away."   It will be noted, however, that in the charge of the court the jury are not required to find that the game was played in the woods.   So that if it were essential that the issue should be submitted to the jury and they required to find that the game in question was played in the woods, it would follow necessarily that the court's charge, which ignored this fact, would be erroneous, and in view of the special charge asked by counsel for appellant, the case must be reversed.   It would also follow of necessity that if the State were committed irrevocably and absolutely to the date alleged, to wit: Sunday, December 8, 1907, a reversal must follow.   That it was not essential to allege the place where the game was played, if the indictment did allege (as is the case here) that the game was not played at a private residence, is settled by the decision of this court in the case of Osborn v. State, 72 S. W. Rep., 592.   In that case it is said:   "Under the Acts of the Twenty-Seventh Legislature (page 26) it is only necessary to charge that an accused played at a game of cards at a house for retailing spirituous liquors, storehouse, tavern, inn or to allege some other house, and state that same is a public house; or allege that the same was played in a street, highway, or some other public place, naming the same; or in an outhouse where people resort.   But if the playing is not done at any of the above

named places, then it is only necessary to allege that said place was then and there not a private residence occupied by a family."

The rule is well settled that where the pleader in an indictment or information makes an allegation descriptive of the offense, though same is not necessary, he is bound to prove the matter as laid. The point made by appellant is very technical, and yet, under the decisions of this court and the law generally it would seem to follow that the State was bound by the allegation of the place where the game in question was played. While it was unnecessary to make the averments, they must in fairness be held to be descriptive of the offense and of the identity and location of the place where the game was played. While it has been held that mere surplusage will not vitiate an indictment and need not be established in proof, and only the material facts which constitute the offense charged must be stated in the indictment and supported by the evidence, and that while ordinarily allegations not essential and which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment will be considered as mere surplusage, and may be disregarded in evidence, it has been uniformly held that no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment can ever be rejected as surplusage. Warrington v. State, 1 Texas Crim. App., 168. This rule is bottomed on the principle that having advised appellant in the charge against him of the particular details of the offense charged that this is notice to him of the particular facts or the particular place, and occasion when and where the offense alleged was committed. In this case the allegation is that on a particular day, to wit: Sunday, December 8, 1907, he played at a game in the woods. He is thus notified not only of the date, but in a general way of the surroundings where the offense was committed. Should the State in this kind of a case be permitted, when the defendant has made his defense with reference to a game charged to be played in the woods, to show that in fact the game was played on a public highway, in a saloon, or in a storehouse or a place wholly unlike that charged in the indictment? We think not.

2. We think there is little in the other point made, that the State would be confined to proof that the game was played on Sunday night. The rule is well established that notwithstanding an indictment may charge the offense to have been committed on a particular day that the State is not restricted to this particular date, but may prove the offense as charged, at any time within the period of limitation. Nor, do we think that this rule is changed by an inclusion of the word "Sunday" following the time stated, December 8. Courts take judicial notice of times, dates, subdivisions of the year into months, weeks and days. If in truth December 8, 1907, was on Sunday, the mere statement of the fact in the indictment did not,

it seems, change the ordinary rule of pleading and proof in such cases.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*