J. A. STEPHENS v. THE STATE.

No. 6434.   Decided November 9, 1921.

**1.—Malicious Mischief—Date of Offense—Variance.**

Where, upon trial of malicious mischief, there was a variance between the date of the offense as alleged in the complaint and as set out in the information, such variance was fatal, and reversible error.  Following Lackey v. State, 53 Texas Crim. Rep., 459, and other cases.

**2.—Same—Charge of Court—Wilfully—Practice in Misdemeanor Cases.**

In the absence of a requested charge for the court's failure to define the term wilfully as used in the complaint and information, no reversible error was committed in a misdemeanor case.

**3.—Same—Charge of Court—Controverted Issue.**

Trial courts should not assume, in the charge to the jury, the truth of any controverted issue of fact, but should submit all the issues of fact to the jury for their decision.

**4.—Same—Complaint—Information—Filing.**

The fact that the information is not filed at the time as the complaint is no valid objection thereto and there being an affidavit on file, the judgment is reversed and the cause remanded.

Appeal from the County Court of Knox.   Tried below before the Honorable J. M. Morgan.

Appeal from a conviction of wilful obstruction of a street; penalty, a fine of $100.

The opinion states the case.

*Jas. A. Stephens* and *D. J. Brookreson,* for appellant.   Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of malicious mischief, the charge being that he wilfully obstructed a street by erecting a fence across it, and his punishment fixed at a fine of $100.

Appellant objected to the sufficiency of the information because there was a variance between the date of the offense as alleged in the complaint, and as set out in the information.   While said objection was not put in the form of a motion to quash the information, we think same should be given effect.   The complaint alleges the date of the offense as of February 14, 1921, and the information states said date as of March 24, 1921.   This difference in the date is fatal to the validity of the information, and appellant's objection to the sufficiency of same should have been sustained.   Vernon's C. C. P., p. 237, subdivision 4; Huff v. State, 23 Texas Crim. App. 291; Lackey v. State, 53 Texas Crim. Rep. 459.

Appellant excepted to the charge of the trial court for its failure to define the term "wilfully" as used in the complaint and information. This should have been done, but as this is a misdemeanor case, our decisions hold that in a case of that character it is not sufficient to except to the charge of the court as given for failing to give some additional desired charge, but that a special charge must be presented and asked, in order to avail the accused on appeal. In misdemeanor cases it is not necessary for the trial court to give a written charge to the jury unless requested so to do in writing, and by parity of reason, the trial court is not required to give a charge upon any special issue unless also requested so to do in writing. The omission of the court to give in charge to the jury a definition of the term "wilfully" in response to the exception, would hence be held by us not to constitute reversible error. Vernon's C. C. P., 499, art. 739, and authorities cited.

The trial court should not assume in his charge the truth of any controverted issue of fact, but should submit all such issues to the jury for their decision.

The affidavit on file could be made the basis for a new information correctly charging the date of the offense. The fact that the information is not filed at the same time as the complaint, is no valid objection thereto.

For the error of the variance mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*