### JOE RIDDLE V. THE STATE.

No. 10967.   Delivered June 22, 1927.

Rehearing denied October 19, 1927.

**1.—Driving Auto While Intoxicated—Bills of Exception—Must Be Signed by Trial Judge.**

Bills of exception must be signed by the trial judge to entitle them to consideration on appeal. Appellant's bills Nos. 1 and 7 in this case, being without the signature of the trial judge, cannot be considered.

**2.—Same—Evidence—Of Circumstantial Character—Properly Admitted.**

There was no error in permitting a witness for the state to testify that when he walked up to appellant's car he smelled whiskey. This testimony was admissible as a circumstance tending to prove the allegations in the indictment.

**3.—Same—Evidence—Opinion of Witness—Properly Admitted.**

On the issue of appellant being intoxicated, there was no error in permitting a state's witness to testify that the appellant "kinda resembled a drunk man." A witness may properly give his opinion as to whether a person was intoxicated, based upon acts and conduct of such person. Proof of drunkenness by a non-expert witness, in most, if not all instances, would involve the opinion of the witness. See Underhill on Crim. Ev., Sec. 278.

**4.—Same—Requested Charge—On Circumstantial Evidence—Properly Refused.**

Where there was direct and positive proof that appellant was drunk while driving his automobile, a charge on circumstantial evidence was properly refused.

**5.—Same—Argument of Counsel—Not Improper.**

The argument of counsel for the state that the District Attorney nor the District Judge could not stop the appellant from driving his automobile up and down the streets of Mt. Pleasant, endangering the lives of wives of the jurors, while full of "rot-gut-whiskey," was warranted by the evidence. Other objections to the argument failed to point out separately the portion thereof to which complaint was directed.

#### ON REHEARING.

**6.—Same—Bills of Exception—When Considered—Rule Stated.**

Where a bill of exceptions is not signed by the trial judge and filed

within the time prescribed by law, the reversal of the judgment is permitted where it is made to appear that meritorious exceptions were taken, and that without fault or lack of diligence on the part of the accused or his counsel he was deprived of his bills of exception. To warrant such action the motion to reverse must be verified by affidavit, and must show the diligence of the accused. See leading case on the subject George v. State, 25 Tex. Crim. App. 229 and other cases cited.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty a fine of $25.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully driving an automobile while intoxicated, and his punishment assessed at a fine of $25.00.

The record discloses that the appellant, on the date alleged in the indictment, drove his auotmobile, in company with four other persons, upon one of the public streets within the incorporated limits of Mt. Pleasant to Andrews' Candy Kitchen, where he stopped his car and called for some cigars. When the state's witness, Pierce Owens, handed the cigars to appellant, appellant told the witness to tell Andrews that he would pay for them when he got "damned ready," and drove off in his automobile, running into and injuring the car belonging to the witness Owens' father, but failing to stop.

The appellant failed to testify, but defended upon the ground that he was not intoxicated at the time in question.

The record contains 7 bills of exception.

Bills 1 and 7 are in the record without the signature of the trial judge, and for that reason we are unauthorized to consider them.

Bill 2 complains of the action of the court in permitting the state's witness, Pierce Owens, to testify that when he walked up to appellant's car he "smelled whiskey, but couldn't tell who it was on." This testimony was admissible as a circumstance tending to prove the allegations in the indictment.

Bill 3 complains of the action of the court in permitting the state's witness, Pierce Owens, to testify that the appellant "kinda

resembled a drunk man." We think this testimony was admissible as tending to prove the state's contention, and that the only way in which a witness could testify as to whether or not a person was intoxicated would be to give his opinion, based upon the acts and conduct of such person. To prove drunkenness by a non-expert witness would necessarily involve, in most, if not all instances, the conclusion and opinion of the witness. In Underhill's Criminal Evidence, Sec. 278, it is stated:

"A non-expert may testify that the accused or some other person was intoxicated on a given date, and that he was habitually intemperate."

There was no error in the admission of this testimony.

Bill No. 4 complains of the refusal of the court to give appellant's special charge instructing the jury to return a verdict of not guilty. There is no error shown in this bill.

Bill 5 complains of the refusal of the court to give appellant's special charge involving the law of circumstantial evidence. There was no error in refusing this charge. Under the facts as presented by this record, a charge on circumstantial evidence would have been improper.

Bill No. 6 complains of the argument of the County Attorney to the effect that neither the officers, the District Attorney, nor the District Judge could not stop the appellant from driving his automobile up and down the streets of Mt. Pleasant, endangering the lives of the wives and children of the jurors, while full of "rot-gut corn whiskey." We are unable to reach the conclusion that this argument was not authorized by the evidence in the case. It is apparent that part of the statement complained of, at least, was authorized by the evidence, and that part of the statement referring to the wives and children of the jurors, if harmful and unauthorized, cannot be considered because of the fact that the appellant's objection went to all of the argument, without pointing out separately the improper portion thereof. We are, therefore, of the opinion that this bill, as presented, shows no reversible error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In an unverified motion, appellant seeks to have this court consider his bills of exception which, as stated in the original opinion, we found in the record without any indorsement showing verification by the trial judge. Appellant attaches to his motion a letter written and signed on a typewriter, dated April 25, 1927, which is addressed to Judge "Wilkins," Mt. Vernon, Texas, stating that in the case of State v. Joe Riddle, the statement of facts and bills of exception were enclosed, requesting the judge to approve them and deliver them to the District Attorney so that they may be signed and become a part of the record. The law authorizes the consideration of a statement of facts or bill of exceptions when verified by the trial judge and filed within the time prescribed by law. See Art. 760, C. C. P., 1925. The reversal of a judgment is permitted where it is made to appear that meritorious exceptions were taken and that without fault or lack of diligence upon the part of the accused or his counsel he was deprived of the bills of exceptions. See Vernon's Texas C. C. P., 1925, Art. 760, notes 2 to 5 inclusive. To warrant such action, the motion to reverse must be verified by affidavit, (Wooten v. State, 57 Tex. Crim. Rep. 89), and must be sufficient in its statement to show the diligence of the accused. The leading case on the subject is George v. State, 25 Tex. Crim. App. 229, which has been repeatedly followed. The motion in the present case fails, in the judgment of this court, to comply with the rule stated.

The motion for rehearing is overruled.            *Overruled.*