### ALEX LAAKE V. THE STATE.

No. 11099.  Delivered December 14, 1927.

Rehearing denied February 1, 1928.

1.—**Transporting Intoxicating Liquor—Charge of Court—Submitting Two Counts—Proper.**

Where the indictment charged appellant in two counts with possession of, and transportation of intoxicating liquor, there being evidence introduced sustaining both counts, the court properly submitted both counts to the jury, instructing them that they could convict only under the count supported by the testimony. The conviction was under the second count, and complaints directed to matters pertaining to the first count, pass out of the case.

2.—**Same—Evidence—Youth of Witness—Not Disqualified.**

Where complaint was made of the youth and indiscretion of a witness, and the record contains much testimony given by this witness showing him fully qualified under the law to give testimony, no error is shown in such complaints.

**3.—Same—Search Warrant—To Enter House of Another—Not Necessary.**

Complaint that officers entered the house of one Bud Johnson where appellant had taken refuge, and what was discovered in said house, because the officers had no search warrant, present no error. As has been repeatedly held by this court, the immunity against search without a warrant is only given to the owner of the premises entered, and cannot be invoked by any other person. See Craft v. State State, 295 S. W. 617.

**4.—Same—Witness Under Rule—Discretion of Court—To Excuse Peace Officers.**

Where the rule is invoked the court has the discretion to excuse peace officers from its operation, where their assistance is necessary to enable the court to conduct its business. This discretion will not be disturbed unless it clearly appears that it has been abused.

**5.—Same—Evidence—Res Gestae—Properly Admitted.**

There was no error in permitting evidence that a fight was in progress at the house of Bud Johnson at the time officers went to said house and found appellant and his brother there. The transaction was res gestae and properly admitted.

**6.—Same—Evidence—That Appellant Was Intoxicated—Properly Received.**

On a trial for a violation of our liquor statutes, there was no error in admitting testimony showing the use of intoxicating liquor at the time he was arrested, and shortly after the alleged transportation, and that appellant was drunk at the time.

**7.—Same—Evidence—Smelling Whisky by Jury—Not Error.**

There being no controversy over the fact that the liquor introduced in evidence was whisky, there was no error in permitting the jury to smell same after it was introduced in evidence. See Reed v. State, 271 S. W. 625.

**8.—Same—Charge of Court—On Principals—Correct.**

The facts in evidence disclosing that appellant and his brother jointly participated in the transportation of the liquor, the court properly submitted the law of principals in his charge to the jury.

**9.—Same—Requested Charge—Incorrect—Properly Refused.**

The court properly refused several requested charges presented by appellant, because they ignored entirely the proposition of principals and restricted the jury to the acts of the defendant alone, the evidence clearly presenting an acting together by appellant with his brother.

**10.—Same—Charge of Court—Failure to Define Transportation—No Error.**

Where there is no conflict in the testimony nor issue raised over the question of transportation, there was no error in the failure of the court to define "transportation" in his charge.

ON REHEARING.

**11.—Same—No Error Shown.**

On rehearing a further examination of questions presented by appellant fails to disclose any error in our original disposition of the case, and his motion is overruled.

Appeal from the District Court of Williamson County.    Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Wilcox & Graves* of Georgetown, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year in the penitentiary.

That appellant and his brother drove a car from a public street into an alley in the city of Taylor, Williamson County, Texas, at or about the time mentioned in the indictment, and that they took from same certain liquor which they carried from the car to a point near a telephone post, not far from the home of one Bud Johnson—seems without dispute.    Appellant did not take the stand, nor did he offer any testimony contradicting that of the state in support of the facts stated.

There were two counts in the indictment, one charging the possession of intoxicating liquor for the purpose of sale, and the other the transportation of such liquor.    Testimony tending to support both counts was before the jury, and both counts were submitted to the jury with an instruction that they could convict only under that count which was supported by the testimony.    The conviction was under the second count.    Several objections and special charges, etc., pertaining to the issue of possession pass out by reason of the conviction for transporting the liquor.

There are a large number of bills of exception, all of which have been examined.    We do not think the remark complained of in bill of exceptions No. 1 presents any error, and especially in view of the qualification to said bill.

The bill complaining of the youth and indiscretion of the witness Haggard is so qualified as that same presents no error. The record contains much other testimony given by this witness showing him fully qualified under the law to give testimony.

Complaint is made in several bills of the use of testimony given by the officer who went into the house of Mr. Bud Johnson where appellant and his brother were, and who found therein liquor, a sack, etc., corresponding with that which appellant and his brother took from their car in the alley and placed near a telephone post.    The objection to this testimony is that the officer had no search warrant to enter the home of Bud Johnson.

Appellant devotes much time and energy to an effort to convince this court that we erred in our disposition of a similar complaint in the case of Craft v. State, 295 S. W. 617. We have upheld the doctrine announced in the Craft case in subsequent opinions and are not led to believe that what we there said was not sound. We cannot agree with appellant's objection to the testimony of witness McConnell as to what he found in the house of Bud Johnson. We see no reason to further review the authorities or discuss the proposition upheld by us in the Craft case.

There is complaint of the admission of the testimony of certain officers who were permitted by the trial court to remain in the court room while other witnesses were testifying, the rule having been demanded. These matters are largely within the discretion of the trial court. Each bill of exceptions presenting this complaint is qualified by the statement that these witnesses were peace officers and their assistance was necessary to enable the court to conduct its business. We find nothing wrong in the court's action.

There is a bill complaining that a witness was permitted to testify that a complaint was filed against appellant for fighting at the time of the arrest in this cause. There is nothing in the bill to show that such fighting, if any, was not res gestae of the transaction involved in this prosecution. In fact there is testimony supporting the conclusion that at the time the officer went to the house of Bud Johnson and found appellant and his brother there, a fight was in progress. We perceive no violation of any of the rules in the admission of this testimony.

Testimony showing the use by appellant of intoxicating liquor at the time he was arrested shortly after the alleged transportation, and that he was drunk at the time, is material and complaint at its reception cannot be sustained.

The liquor was introduced in evidence, and the jury was permitted to smell of same. Such smelling might in some cases be erroneous, but in a case like this it would not be held reversible, there being no controversy over the fact that the liquor introduced in evidence was whiskey and consequently intoxicating. Reed v. State, 271 S. W. 625.

We are at a loss to see how appellant could be injured by the refusal of the trial court to permit him to prove that Bud Johnson, at whose house appellant was arrested, had been indicted subsequently for manufacturing liquor upon a day and date other than that involved in this transaction. Johnson was

not a witness for the state. We think the objection to this testimony properly sustained.

The court properly charged the jury on the law of principals, appellant and his brother sustaining that relation to each other in the matter of transporting the liquor in question. We are not in agreement with appellant's complaint at the form of the submission of this issue. That the court told the jury that if they believed beyond a reasonable doubt that appellant either alone or acting with any other person transported liquor, etc., he should be convicted—is not open to the objection that it gave the jury too great latitude in regard to an acting together with some person other than appellant's brother.

There are several special charges, the refusal of which is complained of, attempting to state the law relating to transportation, possession, etc., of the liquor in question. Said charges are objectionable because they ignore entirely the proposition of principals, and seek to have the jury told that the appellant could not be convicted unless he was in possession, or unless he transported, etc. The testimony before the jury tended to support the proposition that the brother of appellant was driving the car in which the two were, but that when they reached their destination in the alley above referred to appellant's brother took a sack out of the car and appellant took a jar of whiskey out of the car, which articles were carried by each to the place where they were left by the telephone post, as above stated. A special charge which failed to embrace the theory of principals under these facts, and makes appellant's guilt depend solely upon his own acts, would not seem to properly present the issue. We find no substantial ground for complaint at the failure of the court to define transportation. Unless there should appear some contest over the fact of transportation so that this issue was left in doubt, it would not appear harmful to fail to define same.

We have not discussed in detail these propositions because none of them seem to seriously suggest error.

Being unable to agree with any of appellant's contentions, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.— A re-examination of the questions renewed by appellant in his motion for rehearing has not led us

to believe that they were incorrectly disposed of in the original opinion.

The motion for rehearing is overruled.          *Overruled.*