## Henry Kirk v. The State.

No. 11606.   Delivered October 17, 1928.
Rehearing denied January 30, 1929.

The opinion states the case.

*Harris Bell* and *D. A. Gregg* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, three years.

No notice of appeal appears in the transcript and without it this Court is without jurisdiction. Art. 827, Vernon's C. C. P., 1925, and authorities collated under said article. See also Hill v. State, 300 S. W. 70; Sandoval v. State, 293 S. W. 168. Nor does any sentence appear in the record. The omission of either of these requires a dismissal of this appeal and it is accordingly so ordered.

Appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, three years in the penitentiary.

At a former time this appeal was dismissed because no notice of appeal or sentence appeared in the record. This omission seems to have been supplied, and the case is now considered on its merits.

Evidently not all of the bills of exception taken are brought forward in the record. Bill of exceptions No. 3 complains of the admission of testimony of the officers as to what they found upon search of an automobile occupied by appellant, Carrie Smith and another. The objection was that the officers had no search warrant.

This is not available to appellant because the car searched was not his, but belonged to Carrie Smith. Laake v. State, 108 Texas Crim. Rep. 566. If appellant could raise such objection, it would not avail him because of the fact that while a witness in the case appellant testified that the officers found the whisky in the car. Testimony given by other witnesses, without objection renders unavailing an objection to the same testimony from another. Kelsey v. State, 109 Texas Crim. Rep. 275. We also observe that the search was made upon information given to the officers by a reliable person to the effect that whisky was being conveyed in this car just before the search was made, which would amount to probable cause as that expression is used in our decisions.

Bill of exceptions No. 5 complains of argument of the district attorney, but said bill does not make it manifest that the argument was without testimony to support same. Easton v. State, 107 Texas Crim. Rep. 676. We do not think the remarks complained of so inflammatory as to per se call for reversal.

Refusal to submit to the jury application for suspended sentence in a liquor case wherein the accused admits that he is over twenty-five years of age at the time of the trial, is not error. Wright v. State, 104 Texas Crim. Rep. 197.

Bill of exceptions No. 12 sets out the entire charge of the court, containing eleven paragraphs, and also sets out nine paragraphs of exceptions taken to the charge, and complains by means of a general exception to the action of the trial court in overruling such exceptions. Such bill is violative of all the rules. Waters v. State, 91 Texas Crim. Rep. 593; Hill v. State, 97 Texas Crim. Rep. 605. The trial court gave special charges presenting appellant's defensive theory. In our opinion the testimony amply supports the verdict and judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We decline to again be drawn into a discussion of the right of an officer to search an automobile, having probable cause for such search, but in the absence of a search warrant. That question has been settled. See Carroll v. U. S., 267 U. S. 132, 69 L. Ed. 543; 39 A. L. R. 790; Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762. See also Hardiway v. State, 108 Tex. Cr. R. 659, 2 S. W. (2d) 455, in which many of our own state authorities are collated.

The indictment contained two counts, one charging transportation of intoxicating liquor, the other possession thereof for the purpose of sale. Only one transaction was under investigation. The evidence would have supported a verdict under either count. The court realized this and properly told the jury if they found appellant guilty to state under which count they convicted and instructed them positively that they could assess only one punishment. The jury responded by a specific finding of guilt under the count charging transportation. Appellant is not entitled to force the state to an election as between counts where the purpose was to cover different phases of one transaction only. Appellant cites Stringer v. State, 10 S. W. (2d) 721, as supporting his proposition that appellant was entitled to an election. He has misconceived the holding in that case. An examination of it will reveal that the state had proven three transactions, one occurring in September, another in July, and still another in January, upon either of which the state might have relied for a conviction. It was held that appellant's request for an election as between the transactions was improperly denied.

Other matters are urged in the motion for rehearing but we think they were correctly decided in the original opinion and require no further notice.

The motion for rehearing is overruled.

*Overruled.*