R. M. Flatt v. The State.

No. 12012.   Delivered February 6, 1929.

484

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Possessing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

Observing a bottle of whisky in the appellant's car and having knowledge of other circumstances quite adequate to constitute "probable cause" as that term is defined in the decision of this court in Chapin v. State, 107 Tex. Crim. Rep. 447, and other cases, a search of the appellant's car revealed the presence of something over 100 bottles of whisky. The appellant claimed that it was possessed for medicinal purposes.

The arrest was made on the 5th day of October, 1927. The indictment was returned on the 13th day of March, 1928, and the trial began on the 16th day of that month. The appellant sought a delay upon the ground that he had not had sufficient time to prepare for trial and that certain witnesses whom he named were not available. No process was issued or applied for either before or during the trial. The facts set up in the motion were controverted and the bills of exceptions were qualified. The motion contained an averment that the appellant had had some negotiations with an attorney who resided in Coleman and that he expected to make arrangements with him to try the case. He claimed that while in jail he had been unable to communicate with his attorney. The controverting affidavit traversed these allegations. The appellant was represented by an attorney upon the trial. The statute (Art. 493, C. C. P., 1925) allows two days after indictment to prepare for trial, and in the absence of an abuse of discretion the action of the trial judge in refusing further time will not be overturned. Reed v. State, 31 Tex. Crim. Rep. 35; Jones v. State, 83 Tex. Crim. Rep. 444; McKenzie v. State, 11 S. W. R. (2d) 182. Especially is this true when the evidence of guilt is conclusive and the averments of the motion to delay are not supported upon the hearing of the motion for new trial.

The contention that the indictment violated the principle which inhibits a trial for two distinct offenses in the same indictment is not tenable. The indictment was properly drawn in two counts: one

charging the possession of intoxicating liquor for the purpose of sale; the other charging the transportation of such liquor. They related to but one transaction. The propriety of such an indictment has been often affirmed. See Branch's Ann. Tex. P. C., p. 233, and many cases cited, including Dill v. State, 1 Tex. Crim. App. 285.

The declarations of the appellant made at the time of his arrest touching the ownership of the whisky was res gestae of the offense and properly received. Copeland v. State, 94 Tex. Crim. Rep. 112; Boortz v. State, 95 Tex. Crim. Rep. 480; Rees v. State, 278 S. W. Rep. 451.

There was no error in receiving the testimony of the witnesses to the effect that the appellant was drunk. Such a declaration is not objectionable upon the ground that it was an opinion. Riddle v. State, 298 S. W. Rep. 580; Underhill's Crim. Ev., 3rd Ed., Sec. 278. The condition of the appellant at the time was a circumstance relevant on the issue of "probable cause" justifying the search.

The whisky taken from the appellant, with the exception of several bottles, was produced at the trial and identified by the testimony of witnesses who took possession of it at the time of the arrest and who testified that it had remained in their possession. The identity of the whisky was thoroughly established and the testimony properly received. Nor was there error in receiving the testimony of the sheriff to the effect that a part of the whisky had been given to sick people.

In his testimony the appellant claimed that one Wood was an important witness in his behalf; that he had bought the whisky from Wood for medicinal purposes. In his cross-examination there was no error in calling the appellant's attention to the fact that Wood was not one of the witnesses upon whose absence the application for a continuance was based. The testimony tended to discredit that given by the appellant in his own behalf and was not improper cross-examination. Huffman v. State, 28 Tex. Crim. Rep. 177, and other cases collated in Branch's Ann. Tex. P. C., Sec. 147.

The refusal of the court to require the State to elect as between the two counts in the indictment was not error. Gonzales v. State, 12 Tex. Crim. App. 663, and cases in Branch's Ann. Tex. P. C., p. 233, Sec. 444.

There was no error in refusing to instruct a verdict for the defendant.

The appellant having testified on the trial that Wood was an important witness in his behalf and having been cross-examined

with reference to his failure to name Wood in his application for a continuance, there was no impropriety in counsel for the State, in his argument, to comment upon the facts to which reference has been made.

The judgment is affirmed.

*Affirmed.*