OSCAR WEAVER V. THE STATE.

No. 13651.   Delivered February 25, 1931.
Rehearing Denied April 29, 1931.

The opinion states the case.

*Alton B. Chandler* and *Guinn & Guinn,* all of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant and his brother, C. H., were together in a car when they were arrested at or about 3 A. M. on the road between Rusk and Reklaw and thirty half gallon jars of whisky found in their car. The officers had no search warrant. Appellant, according to one officer, was driving the car. We think it entirely competent on the issue of probable cause for the officer to testify that they had information that appellant and his brother were engaged in transporting intoxicating liquor between Rusk and Reklaw, back and forth. If there had been any request that testimony of the fact of their receipt of such information be heard by the court out of the presence of the jury, in order that he might primarily determine the admissibility of testimony of the finding of whisky in the appel-

lant's car, such request should and doubtless would have been granted— but we find nothing showing such request; nor do we find in any bill of exception that objection was made to such testimony on the ground that it was such matter as was proper for the court only to hear out of the presence of the jury. We think appellant fails to see the distinction between this case and those of Webster v. State, 114 Texas Crim. Rep., 187, 23 S. W. (2d) 1118, and Weddle v. State, 112 Texas Crim. Rep., 250, 16 S. W. (2d) 244. Webster got more than the minimum penalty, and in his case there was no controversy of the sufficiency of the facts to show probable cause. Both these points vitally differentiated the Webster case, supra, from that now before us. In Weddle v. State, supra, the searching sheriff said he found in Weddle's car a half gallon of whisky. Weddle testified in his own behalf and admitted said fact. The State further proved by the sheriff that Deputy Sheriff White told him that he heard appellant tell Parker that he had three gallons of whisky out on the Crews road. This was offered before Weddle took the stand, as part of the State's showing of probable cause. When the State offered this testimony—as reference to the original record in the Weddle case reveals—its hearing before the jury was objected to, and the court was asked to retire the jury and hear it out of their presence, which he did, and after same was so heard by the court appellant renewed his objection, which was overruled, and all such testimony was presented to and heard by the jury. We held it materially hurtful for the jury to hear or have before them for their consideration the hearsay testimony regarding the three gallons of whisky out on the Crews road. Testimony that officers had received information that one accused of transporting intoxicating liquor, was engaged in such transportation, is admissible as shedding light on the issue of probable cause, but primarily is for the court, has often been held by us, as in the Weddle case, supra. Unless under some peculiar facts it becomes an issue for the jury, we think it proper to be heard only by the court. We have set out the matters at some length in order that it may be clear that the case before us is not controlled by nor similar to the Webster and Weddle cases, supra.

We think the application for continuance properly refused. The case was postponed on January 20, 1930, to February 20th, and again postponed February 24th. The application for continuance was thus a subsequent application. It failed to allege that the absent testimony could not be procured from any other source. McKinney v. State, 8 Texas App., 626; Goode v. State, 57 Texas Crim. Rep., 220, 123 S. W. 597. No diligence was shown as to the absent witnesses. The indictment was filed herein in January and subpoena for Devaney was made returnable January 20th, at which time the case was postponed to February 20th, and then again postponed. There is no showing that Devaney was present at any of these dates, or that attachment was ever asked or issued for

him. No subpoena for Francis, the other absent witness, was asked until five days before the date of trial.

Bills of exception Nos. 3, 4 and 7 present the complaint herein above first discussed.

Two officers searched appellant's car. Bills of exception Nos. 5 and 8 bring forward the alleged error of the court below in allowing these officers to answer the question: "When you stopped them, what did you find?" The officers detailed the finding of the whisky in question. They had no search warrant and no warrant of arrest, and their testimony was objected to for these reasons, and also that there was no probable cause shown. In addition to the fact that these officers had information that appellant and his brother were engaged in transporting liquor over the very road on which they were traveling at 3 A. M. when stopped and their car searched, the officers testified to the following facts, viz.: That said road ran through a creek bottom and as four of them were pasing over said road near said creek earlier during the night in question they saw a car setting on the roadside not far from the bridge over said creek, the occupant of which car whistled to them as they passed. Coming back presently the officers discovered who the man was in said car, and two of them took him in their car on to Rusk, leaving two officers in the car of the said man near the bridge. These two officers left were those who searched appellant's car. They said that not far from 3 A. M. a car came from the direction of Rusk which was occupied, as discovered by them by the aid of its light, containing appellant and his brother. When it approached the creek its horn was sounded twice, and no answer being made, appellant drove on to Reklaw. Later he and his brother came back, and as they drew near they turned their car out to the standing car, and appellant's brother called out "come on out of there Red," and the officers came out, drew their pistols and ordered appellant and his brother to get out of the car. One of the officers said as he approached the car with his flash light he could see jars in the bottom of the car, which upon investigation were found to contain whisky. One of them or both testified that appellant's brother asked them if they would take the stuff and let them go. We think these facts sufficient to amount to probable cause, and that the objections made were without merit. Brasselton v. State, 112 Texas Crim. Rep., 615, 18 S. W. (2d) 168; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Kirk v. State, 111 Texas Crim. Rep., 388, 13 S. W. (2d) 106; Flatt v. State, 111 Texas Crim. Rep., 482, 14 S. W. (2d) 278; Tendia v. State, 111 Texas Crim. Rep., 627, 13 S. W. (2d) 849.

None of the other bills of exception appear to present matters calling for discussion, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE. — Appellant has filed a lengthy motion for rehearing questioning the correctness of the conclusion reached in our original opinion as to the existence of probable cause for the officers to search appellant's car in the absence of a search warrant. This has necessitated a re-examination of the statement of facts and the bills of exception which we have carefully done. We are confirmed in the conclusion heretofore expressed that the information which the officers had in advance with reference to appellant and his brother transporting liquor, in connection with their conduct on the night of the search, constituted probable cause authorizing the search. It would be useless to again review the evidence in that regard. It is set out at considerable length in the original opinion.

We have also examined the other contentions which are reiterated in appellant's motion and believe they were all properly disposed of in our former opinion.

The moton for rehearing is overruled.

*Overruled.*