## JOHN C. BURROWS V. THE STATE.

No. 15686. Delivered March 1, 1933.
Reported in 57 S. W. (2d) 846.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile horn of the value less than fifty dollars is the offense; penalty assessed at a fine of one dollar.

The evidence is circumstantial. A recital of it is not desirable further than to state that in holding the evidence sufficient the trial court is not deemed to have been in error. The trial was had in the county court of Nacogdoches county. A written charge was given to the jury. In a special charge, appellant requested the court to instruct the jury to acquit him if he had traded gasoline to a third party for the horn in question or if they had a reasonable doubt upon that subject. A special charge was given to the jury embracing substantially the same matter as that contained in the requested charge mentioned above.

In the motion for new trial and in a formal exception to the court's charge, the same question with reference to the appellant's defensive theory, namely, that he acquired the horn in trade for some gasoline, is raised. That subject was pertinently brought before the jury in what is deemed an adequate instruction. Criticism of the form of the charge on circumstantial evidence is not tenable. Moreover, there was no charge prepared by the appellant and presented to the court upon that subject.

In the trial of a misdemeanor case, an exception to the court's charge is not ordinarily sufficient on which to found a complaint, unless it is accompanied by an appropriate special charge. See Tex. Jur., vol. 4, p. 74, sec. 47. See, also, Vernon's Ann. Tex. C. C. P., 1925, vol. 2, p. 288, art. 662, note 4; Simpson v. State, 87 Texas Crim. Rep., 277; Hand v. State, 88 Texas Crim. Rep., 422.

There are some questions of practice concerning the sufficiency of the evidence, a discussion of which is pretermitted in view of the disposition of the case.

Perceiving no error in the trial, the judgment is affirmed.

*Affirmed.*