HAROLD LONG V. THE STATE.

No. 23371. Delivered June 26, 1946.
Rehearing Denied October 16, 1946.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, and *Glen R. Lewis,* of San Angelo, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of a violation of the liquor laws, and assessed the penalty of a fine of $100.00 and a thirty days jail term, and he appeals.

The facts proven evidence that two Liquor Control Board agents on or about June 23, 1945, stopped an automobile being driven by appellant and searched the same. That appellant then remarked: "You have caught me." That they found two pints of whisky on the seat, and six pints of whisky in a water bottle so constructed that it would hold such bottles.

Evidently this prosecution was initiated under Art. 666-4, of Vernon's Ann. P. C., and charged in count two, the one submitted to the jury.

It is contended that Art. 666-27, Vernon's Ann. P. C. should govern under the allegations contained in the complaint and information. To this we are unable to agree. Such article is dealing merely with certain liquor transported into this State and the necessity of having a written statement showing the consignor and consignee, etc.

We find but two bills of exceptions in the record, and they each relate to the testimony of the two Liquor Control Board agents as to what was found in the search of appellant's car when the whiskey was found. The court qualifies each bill by showing that upon objection to such testimony being made, the jury was retired and the agents testified relative to information that they previously had of a car coming into Lubbock that was supposed to contain whisky; that after a short vigil they saw a car of like description to the one they had received information about, and they stopped such car, and found appellant and the whisky.

We think the trial court was correct in his conclusion when he held that the agents were operating under the doctrine of probable cause when they searched this car. This disposes of both bills of exceptions.

The only count submitted to the jury was No. 2, which charged that appellant transported whisky in Lubbock County, Texas, "in an automobile on a public street, to-wit: Avenue G, City of Lubbock," and that Lubbock County was dry area.

It is urged that the trial court erred in his charge in submitting said count. The written objections were because (a) "the same (charge) is not a correct statement of the law," and (b) "because there is a fatal variance in the charge and the information." It will be noted that nowhere is it pointed out in what respect the charge does not correctly state the law, nor wherein there was thought to be a variance between the charge submitted and the information. The objections were too general to comply with Art. 658 C. C. P. which requires objections to distinctly specify the ground of objection. See Boss v. State, 134 Tex. Cr. R. 593, 116 S. W. (2d) 739; Clinton v. State, 132 Tex. Cr. R. 303, 104 S. W. (2d) 39; cases cited in Vol. 2. Vernon's Ann. Tex. C. C. P., p. 240, Art. 658, Note 66.

From the facts and from oral argument and brief which undertake to amplify the objections to the charge, we learn that the State did prove that the whisky was transported in Lubbock County in an automobile, and upon the street as alleged. In submitting the case the court required the jury to find only that the whisky was transported in Lubbock County. From oral argument and brief we learn that appellant claims a variance because the court did not require the jury to find also that the transportation was in an automobile and upon the street alleged. If the question was properly before us it would be quite troublesome. While the averments as to street, and manner of transportation were unnecessary they appear to be descriptive of the offense. See McAllister v. State, 55 Tex. Cr. R. 264, which is directly in point; Robinson v. State, 60 Tex. Cr. R. 592, and cases cited.

The objections to the charge upon which appellant relies are not only too general to comply with the statute (Art. 658 C. C. P.) but this being a misdemeanor case, appellant was not only required to properly object to the charge, but was under the necessity of submitting a proper charge upon the subject. This was not done. See 4 Tex. Jur. p. 74, Sec. 47; Stephens v. State, 90 Tex. Cr. R. 245, 234 S. W. 540; Jones, 20 S. W. (2d) 1067; Burrows v. State, 123 Tex. Cr. R. 71, 57 S. W. (2d) 846; Wills v. State, 127 Tex. Cr. R. 431, 77 S. W. (2d) 875.

From the authorities cited, and others referred to in the cases named it will be seen that the point upon which appellant relies is not properly preserved.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

It will not be necessary to discuss further the matters treated in the original opinion. The discussion must be considered in accord with previous holdings of this court.

In his motion for rehearing appellant makes the contention that there is fundamental error in the court's charge in that he did not submit to the jury, for its finding, the question of fact as to whether or not the transporting of the liquor was proven as alleged in the complaint and information—that is, on Avenue G in Lubbock and on June 23rd, 1945.

It is necessary for the State to prove, under the allegations found in the record, that the whisky was transported on Avenue G, a public street in the City of Lubbock, as well as a date within the period of time provided by law. This proof was made.

In presenting his argument that it was not submitted to the jury, consideration is given only to Section 3 of the court's charge. We think that Section 2, which must be considered, clearly complies with the law and meets the contention presented. In Section 2 the court says "* * * if, after having heard all of the testimony there remains a reasonable doubt in your mind that the defendant, Harold Long, did on or about the 23rd day of June, 1945, transport an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit, whisky, in a dry area in an automobile on a public street, to-wit, Avenue G, City of Lubbock, in Lubbock County, Texas, there situate, it will be your duty as jurors to find the defendant not guilty and so say by your verdict."

Thus it will be observed that the jury was instructed specifically to acquit the defendant unless they should find the facts just as they were alleged in the complaint and information. A verdict of guilty constituted a finding in accord with the allegations in the information.

In Section 3 of the charge the court instructed the jury as to the penalty which they were authorized to assess in case they found beyond a reasonable doubt that Harold Long did transport whisky "in Lubbock County, Texas." The form of this charge is not commended. Nevertheless, we see no reasonable

ground for concluding that it confused the jury. They were directed, under Section 2, to find him "not guilty" unless they believed beyond a reasonable doubt that he did the things alleged against him. The entire charge must be considered in construing any part of it. In our opinion this was sufficient.

The appellant's motion for rehearing is overruled.