The offense is felony theft; the punishment, 5 years.

Mrs. Owens testified that one afternoon during the first two weeks of June, while she was on vacation, she saw the appellant pass her house several times in a dark blue Ford coupe and that he looked in the direction of her house. The witness stated that shortly thereafter she left her home and was gone approximately an hour, and when she returned her television and radio sets were missing. She stated that Mrs. Stephens, who lived across the street from her, gave her the Texas automobile license number LY–4417.

Mrs. Stephens testified that one day in June she saw the appellant driving slowly up and down the street in a dark blue Ford coupe and finally park in Mrs. Owens' driveway. She stated that he knocked on the Owens' door, that he went to the back of the house and then entered the house through the front door. She testified that she saw the appellant come out of the house with something the size of a recording machine, which he put in the back of the Ford, and drive away, and that she had later picked out the appellant in a police lineup.

Mrs. Stephens' daughter testified that at the instruction of her mother she had taken down the license number on the dark blue Ford coupe and that it was LY–4417.

Officer Warnick testified that he arrested appellant in July in a dark blue Ford coupe for driving while intoxicated.

Officer Kelley testified that he searched appellant's automobile on a lot at the police station and found concealed therein the Texas license plate number LY–4417.

Appellant did not testify or call any witnesses in his behalf.

Bills of exception Nos. 1 and 2 are predicated upon a variance between the date charged in the indictment and the date proven. The date charged is "on or about July 8, 1953." The proof showed early in June, 1953.

Appellant relies upon Stephens v. State, 90 Tex.Cr.R. 245, 234 S.W. 540, which is not applicable because in that case there was a variance between the date alleged in the complaint and that in the information.

The general rule has long been established that proof that the offense was committed at such time as that the prosecution would not be barred by the statute of limitations is sufficient. Hampton v. State, Tex.Cr.App., 248 S.W.2d 488.

Bills of exception Nos. 3 and 4 relate to the failure of the trial court to charge on circumstantial evidence.

No objections were filed to the charge because of the omission and no such charge was requested.

Finding no reversible error, the judgment of the trial court is affirmed.

### RODGERS v. STATE.

No. 26933.

Court of Criminal Appeals of Texas.

April 7, 1954.

No attorney on appeal, for appellant.

William H. Scott, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of driving a motor vehicle upon a public highway while intoxicated, and his punishment was assessed at three days in jail and a fine of $100.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.