Ambous HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40780.

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

Raffaelli, Lee & Hawkins, by Sidney Lee, Texarkana, for appellant.

Charles E. Hughes, County Atty., Texarkana, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is transporting whiskey in a dry area; the punishment, a fine of $100.

The grounds of error set forth in appellant's brief all relate to the question of whether the state's evidence was illegally obtained as the result of a warrantless search without probable cause.

The complaining witness was Inspector McVay of the Texas Liquor Control Board, by whose testimony it was shown that appellant was stopped on Main Street in Texarkana, Bowie County, about 11 A.M. at which time he was traveling alone in an automobile with a gallon jug of moonshine whiskey beside him.

It was stipulated that Bowie County was a dry area.

As to probable cause, McVay testified that at about 10 A.M. he received information by telephone from an informer who told him that appellant had gone over in Arkansas to bring back some moonshine whiskey and he would be either coming through Sand Flat, over on State Line, or would be coming down Highway 67 and State Line; that he went over close to State Line— "what they call Sand Flat," and waited for him and stopped him about 11 A.M.

The Inspector further testified that he had been stationed at Texarkana about 7 years; that he had arrested appellant on previous occasions, and had stopped him twice previously and found nothing; that he had heard the voice of the informer on the telephone, knew and had talked with him personally and knew him to be a credible person and that said informer had given him information concerning bootleggers on prior occasions that had proved to be correct.

Testimony was also elicited from the witness to the effect that no warrant was obtained for appellant's arrest and that other officers were watching for appellant, one somewhere on Highway 67 and another near appellant's home.

Asked if there was any reason why he could not have filed a complaint and obtained a warrant prior to the time he went

**614**

looking for appellant, McVay answered: "I figured it would be too late if I did that."

Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, is cited by appellant. We do not construe the Supreme Court's decision in that case as authority for holding that McVay did not have probable cause to stop appellant and to seize the gallon of whiskey sitting beside him.

McClain v. State, 165 Tex.Cr.R. 545, 309 S.W.2d 456, cited by the state, supports our conclusion that probable cause was shown.

The judgment is affirmed.