## J. L. MURFF v. THE STATE.

No. 9817.    Delivered March 3, 1926.

**1.—Robbery—Argument of Counsel—Bill of Exception Incomplete—No Error Shown.**

Where, on a trial for robbery, the district attorney in his argument exhibited a hat to the jury that had been referred to by witness, and said: "Can any one say Coutrell (a co-defendant) did not have such a hat on his head?" to which appellant objected upon the ground that the state-ment was not supported by the evidence, that the hat had not been intro-duced in evidence. The bill fails to show that the hat was not introduced in evidence, and no error is shown. Following Ard v. State, 276 S. W. 263, and other cases cited.

**2.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains of a question propounded to appellant while testifying in his own behalf, but the bill fails to show what reply or answer was made, we cannot say whether error was committed. To determine that in receiving the answer there was error, it will be necessary for this court to know what answer was made. Following Cannon v. State, 278 S. W. 853, and authorities cited.

**3.—Same—Bill of Exception—Incomplete—No Error Disclosed.**

Where a bill of exception complains of certain questions asked a witness and answers given to such questions, but the bill does not set out any antecedent facts or surroundings to enable us to determine its merits, the presumption is in favor of the correctness of the ruling of the court. Following Cavanar v. State, 269 S. W. 1053.

**4.—Same—Bill of Exception—Question Not Answered—No Error Shown.**

Where bills of exception complain of an inquiry made of appellant whether he had previously been in trouble, and what his occupation was, and where his parents resided, fails to show error, in that the objection to the questions was sustained, and no answers were received. No error appearing in the record, the judgment is affirmed.

Appeal from the Criminal District Court of Dallas County. Tried below before Hon. Felix D. Robertson, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*P. D. Crawford* and *A. J. Thuss* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney; *Nat Gentry Jr.,* Assistant State's Attorney, and *Shelby Cox,* District Attorney, for the State.

MORROW, Presiding Judge.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of five years.

According to the evidence of the state, the appellant and one Cantrell, between nine and ten o'clock at night, entered the store of J. C. Graham, and, using a firearm, put Graham, his wife, and one Martin, who were in the store, in fear of death and took from the store a sum of money. The appellant and Cantrell were identified by the testimony of each of the persons who were present at the time of the robbery. Appellant, through his testimony and some other witnesses, presented the defensive theory of alibi, claiming that he and Cantrell were riding in a rented car and were at various places during the night, their movements being inconsistent with their presence at the time

and place of the robbery. Evidence of persons other than the injured party and his companions was introduced by the State combating the theory of alibi.

Upon the issues of fact, the jury was instructed in a charge, the sufficiency of which is not assailed.

The state's attorney, during his argument, picked up a hat which, according to the bill, was described by witnesses on the trial. Holding the hat in his hand, the attorney remarked: "Can any one say that Cantrell did not have such a hat on his head?" Exception was reserved upon the ground that the statement was not supported by the evidence; that the hat had not been introduced in evidence. The bill of exception, however, fails to show that the hat was not in fact introduced in evidence. The court having overruled the objection to the argument, it will, in the absence of an affirmative showing to the contrary in the bill of exceptions, be presumed upon appeal that the facts justified the court's action. The bill must be sufficient to show error. Ard v. State, 276 S. W. Rep. 263; Coluson v. State, 277 S. W. Rep. 135; Carter v. State, 277 S. W. Rep. 395. A recital in the bill of exceptions of the objections made is not equivalent to a statement that the thing complained of did occur. Quinney v. State, 86 Texas Crim. Rep. 358; Gonzales v. State, 226 S. W. Rep. 455.

During the cross-examination of the appellant he was asked if it was not a fact that the witness Knottley had, on Harwood Street, jumped on the running-board of the automobile in which the appellant and Cantrell were riding and that appellant had "stuck" a gun in the face of Knottley and ordered him to get off the car upon the penalty of death. It appears from the bill that objection was urged upon various grounds which was overruled and the appellant required to answer the question, but the bill fails to show what reply or answer was made. To determine that in receiving the answer there was error, it will be necessary for this court to know what answer was made. See Cannon v. State, 278 S. W. Rep. 853, and authorities cited. The bill, moreover, fails to show that the inquiry was not a proper one. Both in the bill and statement of facts it appears that appellant went into details showing his whereabouts from eight o'clock, when he claims to have rented the automobile, and one o'clock, when the automobile was returned to the owner from which it had been hired. His whereabouts during the intervening time was a proper subject of inquiry, and the matter mentioned may have been, and apparently was, relevant to refute the evidence of alibi.

While Knottley, a witness for the State, was testifying he was asked:

"Just what was this fellow and his partner doing at your car?"

Various objections were interposed and overruled, and State's counsel said to the witness:

"All right, Knottley, were they standing quietly by your car or were they in action?"

The witness replied:

"They were in action."

The bill fails to furnish sufficient information touching the antecedent or surrounding facts to enable us to determine its merits. The presumption is in favor of the correctness of the ruling of the court. Cavanar v. State, 269 S. W. Rep. 1053, and cases there cited.

The bill complaining of an inquiry made of the appellant whether he had previously been in trouble fails to show error in that the objection to the question was sustained and no answer was received.

The bills complaining that appellant, while testifying, was asked his occupation and where his parents resided, fail to show that any answers were made and disclose no error.

The judgment is affimed.

*Affirmed.*