## ERNEST SMITH V. THE STATE.

No. 9628.   Delivered March 17, 1926.

Rehearing denied June 25, 1926.

**1.—Manslaughter—Argument of Counsel—Practice in Trial Court.**

The argument of state's counsel, if objectionable, must be excepted to by appellant at the time it is presented to the jury, to enable the trial court to correct statements which are improper, and to preserve the rights of the accused, and unless so objected to and preserved by a bill of exception, nothing is brought forward to this court for review.

**2.—Same—Requested Charge—Properly Refused.**

Where appellant requested a special charge embracing his defensive theory and instructing the jury affirmatively that his theory presented the issue of aggravated assault, there was no error in refusing his requested charge where the issues embraced within it had been affirmatively presented in the main charge as grounds for his acquittal.   See Art. 743 Vernon's C. C. P.

### ON REHEARING.

**3.—Same—Bill of Exception—To Argument of Counsel.**

Where a bill of exception is presented to the argument of counsel, to be considered on appeal, it must be affirmatively shown that such argument was not a legitimate deduction from the facts in the case.   The bill must be complete within itself.

**4.—Same—Requested Charge—Properly Refused.**

Where the main charge of the court presents with fair accuracy and fullness the affirmative defensive theory, it is proper practice for the trial court to refuse special charge of appellant, covering the same issue.   No defensive issues which are not fairly raised by the evidence should be affirmatively given in the charge.

Appeal from the District Court of Ellis County.   Tried below before the Hon. W. L. Harding, Judge.

Appeal from a conviction of manslaughter, penalty three years in the penitentiary.

The opinion states the case.

*Tom Whipple* of Waxahachie, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter, and the punishment is three years in the penitentiary.

The state's testimony shows that John Smith, Pete Shipp

and the appellant engaged the deceased in a difficulty and in said difficulty he received knife wounds from which he died.

The bill of exception contained in the record to the argument of the special prosecutor is insufficient to show any error. It is also qualified by the trial court with the statement that no exception was made to the remark during the argument and that the attention of the court was not called to the matter at the time.

There are various exceptions to the court's charge found in the record, but we think none of these present any error. The third of these exceptions complains at the court's action in refusing to charge on aggravated assault. Said exception is predicated upon the following proposition:

"If the jury believed the contention of the state that the gun that was discharged in the first difficulty was the property of the defendant, Ernest Smith, and that the defendant attempted to shoot the deceased, but did not succeed, and that fact is uncontroverted, that he did not shoot him, the deceased, and that after such attempt he, the defendant, abandoned the difficulty and was not acting with John Smith and Pete Shipp when they pursued the deceased, and killed him, if they did, defendant could not be convicted of a greater offense than an aggravated assault, and the court should have so charged."

We think the court was correct in not giving a charge to this effect for even under the circumstances detailed in the exception to the charge, we think that the appellant might have been guilty of an assault with intent to murder. It is also true, however, that the court did instruct the jury at the request of the appellant as follows:

"If you believe from the evidence that Ernest Smith and the deceased, Buddy Joe Pitts, became involved in a personal difficulty and that John Smith and Pete Shipp took part therein, and that defendant Ernest Smith did not in any way encourage, or aid the said John Smith and Pete Shipp to take part therein and that after this first difficulty deceased went in one direction and defendant, Ernest Smith, in the other, and you further believe that afterwards John Smith and Pete Shipp followed the deceased and killed him, you will acquit the defendant, Ernest Smith, unless you believe beyond a reasonable doubt that Ernest Smith aided or encouraged John Smith and Pete Shipp to follow and kill deceased."

We think this charge presented appellant's theory of the case in as favorable a light as he could have possibly asked. We

are satisfied that in no event would we be justified in reversing the case because of the court's failure to charge on aggravated assault. We think that we are precluded from doing so by the terms of Art. 743 of Vernon's C. C. P.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is but one bill of exceptions in this record. Its complaint is of argument. While the bill of exceptions is approved by the trial court with the qualification that no objection was made to the argument at the time and no instruction was asked that the jury be told not to consider same, as stated in our original opinion, we also note there is no statement that said argument was not a legitimate deduction from facts before the jury.

We have carefully reviewed the facts with a view of determining whether we correctly held that there was no need for a charge on aggravated assault. We have concluded that the facts do not demand such a charge. The court gave a special charge asked by appellant which seems to us to present with fair accuracy and fullness the affirmative defensive theory.

The motion for rehearing will be overruled.

*Overruled.*