CLARENCE KOCH v. THE STATE.

No. 11885.   Delivered October 31, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant and one Robert Wells were jointly indicted and jointly tried. Each entered a plea of guilty and made an application for a suspended sentence. The sentence of Wells was suspended, but the jury declined to suspend that of the appellant. The record is without a statement of facts with reference to the incidents of the offense.

From a bill of exceptions it appears that touching the application for a suspended sentence, the mother of the appellant testified that he was twenty years of age; that he had been living in Travis County about fifteen years, with absences off and on of from six months to a year at the time; that he had been sent to the reformatory for a period of two years, and that at the time of the trial was on parole.

Appellant testified in his own behalf on the application for a new trial and said that he was not guilty of the theft; that the property was stolen by Wells without the presence or co-operation of the appellant; that after the property was stolen he and Wells were in possession of it; and that they together endeavored to sell it. He said that he was induced to plead guilty and asked for a suspended sentence because his attorney had advised him to do so stating that

the circumstances were such that his chance would be better if the plea of guilty was entered. On cross-examination by the court on the hearing of the motion for new trial, the appellant testified that at the time the plea of guilty was entered the court asked him if he was pleading guilty because he was guilty and because he wanted to make such a plea, to which the appellant replied in the affirmative. He was also asked if he was pleading guilty because of the delusive hope of pardon or undue influence, to which he gave a negative reply. The opinion is expressed that in overruling the motion for new trial there was no abuse of discretion of the trial court. The appellant's testimony that he acted under the persuasion of his counsel was unsupported and is in conflict with his declarations to the court at the time the plea of guilty was received. We think the trial court was not bound to accept as true the testimony of the appellant upon the motion for new trial. See Hawkins v. State, 270 S. W. 1025.

The judgment is affirmed.

*Affirmed.*