## W. N. Poteet v. The State.

No. 12420.  Delivered April 3, 1929.
Rehearing denied May 22, 1929.

The opinion states the case.

*Anderson & Jones* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one and one-half years.

The statement of facts does not appear to have been filed in the trial court. The state's attorney moves to strike the statement of facts from the record. The motion must be sustained. This court will not consider a statement of facts which fails to show that it was filed in the trial court. White v. State, 5 S. W. (2d) 510.

The questions presented by appellant's bills of exception cannot be reviewed in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In separate counts the appellant was charged with the unlawful possession and the unlawful sale of intoxicating liquor. Instruction was given upon each of the counts accompanied by a statement that a conviction could be based upon but one of them. The conviction, as shown by the verdict and judgment, is for the sale, fixing the penalty at confinement in the penitentiary for one and one-half years. There being evidence to support each of the counts, the action of the court in submitting them both was proper. See Branch's Ann. Tex. P. C., Sec. 444, subd. 10, and cases collated, among them, Gonzales v. State, 12 Tex. Crim. App. 663.

The motion to suppress the evidence obtained through a search was untenable. Straley v. State, 290 S. W. Rep. 766; Fowler v. State, 290 S. W. Rep. 1104, and cases found cited in the opinion.

The sufficiency of the affidavit and warrant for the search is assailed upon the ground of the inadequate description of the place to be searched. Neither the affidavit nor the warrant are set out in substance or in detail in the bill. For that reason the point is not properly presented for review. If it be assumed that the warrant was vulnerable, the fault would not warrant a reversal for the reason that the appellant, testifying in his own behalf, revealed to the jury the same facts that were disclosed by the officers as a result of the search. Bonilla v. State, 2 S. W. (2d) 248; McLaughlin v. State, 4 S. W. (2d) 54; Kelsey v. State, 4 S. W. (2d) 548; Kitchens v. State, 10 S. W. (2d) 999. Appellant admitted the possession of a number of pints of whisky and stated that when he observed the sheriff approaching and the Mexican,

Viegen, being on his premises, he became frightened and broke the bottles. He disclaimed the sale of whisky to Viegen, but claimed to have given him whisky upon the statement by Viegen that he and his family were sick. Viegen admitted that he told the appellant that he and his family were sick but declared in his testimony that the whisky obtained from the appellant was no gift but that it was a sale; that he paid the appellant six dollars for the whisky and that soon after it was obtained it was taken from his possession by the sheriff. In his brief the appellant lays some stress upon the testimony that the Mexican claimed to have been sick and that for that reason the sale was justified. No request was made to have that issue submitted to the jury.

The remarks of the prosecuting attorney that it was a notorious fact that whisky was drunk by country boys and girls were withdrawn by the court and the jury instructed to disregard them. The bill is silent as to whether the argument was invited or justified by the evidence or otherwise. As the matter is presented in the light of the record, we are not prepared to declare that the bill reveals reversible error.

The motion for rehearing is overruled.

*Overruled.*