HELEN ROBINSON v. THE STATE.

No. 14300. Delivered June 10, 1931.
Appeal Reinstated October 7, 1931.
Rehearing Denied November 4, 1931.

466

The opinion states the case.

*Gordon M. Burns,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

The state's attorney with this court calls our attention to the fact that the record contains no notice of appeal. Appellant's motion for new trial was overruled on November 21, 1930, and there is no statement connected therewith giving notice of appeal. Neither do we find anything relative to this subject in the sentence, where some times such notice appears. Attention is also called to the fact that the bills of exception and statement of facts were filed too late, but in view of the jurisdictional question raised this proposition will not be passed upon.

Because of the absence of the statutory requisite of notice of appeal properly given and entered of record (Code Crim. Proc., 1925, art. 827), the appeal will be dismissed.

*Dismissed.*

ON THE MERITS.

MORROW, PRESIDING JUDGE.—Because of correction of the record the appeal is reinstated.

Manse Robinson, husband of the appellant, was shot and killed. They were alone in their home at the time. They had been married for some six years, lived together part of the time and were separatd part of the time. In the evening before her husband come home, she went to a party. She returned in company with her cousin, a negro. According to her version, after her cousin departed, her husband began to quarrel, set fire to her dress and threatened to kill her with a pistol. In setting fire to her dress he laid the pistol down. She seized it. During the struggle which ensued over the possession of the pistol, it fired and the deceased was killed. The seizure of the pistol was for her self-protection, and the shooting was accidental. The appellant feared the deceased, as he had on former occasions threatened to kill her. After the shooting, she called her neighbor, Lucille Green, who testified that after hearing two pistol shots, she was called by the appellant. Upon entering the house the witness observed the deceased lying on the floor in his underclothes, apparently dead, and the appellant stated that she had killed him.

A sister of the deceased testified that after the funeral the appellant said: "Yes, I killed your brother and I will kill you."

The complaint that in his address to the jury the state's counsel misquoted the evidence is untenable as there is no certificate of the trial judge that the evidence was misquoted.

The testimony of the appellant that she acted in self-defense is not conclusive upon the state. Hawkins v. State, 99 Texas Crim. Rep., 569, 270 S. W., 1025; Koch v. State, 110 Texas Crim. Rep., 405, 10 S. W. (2d) 545.

In part the alleged newly discovered evidence is a declaration by Beatrice Robinson made to the appellant in a conversation with her. Her presence at the time the declaration is charged to have been made seems conclusive against the contention that the evidence was newly discovered. The proffered new testimony of Allen, the justice of the peace, and Jones that they examined the premises and witnesses immediately after the homicide and reached the conclusion that it was accidental, apparently would be mere conclusions of the witnesses, and its admissibility is not perceived. The alleged new testimony of the witnesses mentioned to the effect that at the time of their visit to the body of the deceased at his home the appellant declared that the killing was accidental growing out of a struggle over a pistol, apparently could not be newly discovered for the reason that the declaration, if made, was known to the appellant. The right to a new trial upon newly discovered evidence is controlled by subdivision 6 of article 763, C. C. P., which, as construed, requires that a verified motion must show that the evidence came to the knowledge of the defend-

ant since the trial; that failure of its previous discovery was not due to want of diligence; that upon another trial there would probably be a different result; that the evidence was competent on an issue material to the merits of the case and not merely cumulative. See Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 13, note 25. In many particulars the requisites mentioned are wanting in the motion under consideration.

In view of the record we are not prepared to say that the verdict of the jury was unsupported by the evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our original opinion we said that the complaint of argument was untenable because there was no certificate of the trial judge attached to the bill of exception certifying that the evidence referred to and quoted by the district attorney in said argument, was misquoted. Appellant insists that we were in error in so holding. The original bill of exception presenting the complaint is attached to the motion, and is in form exactly as same appears in bill of exception No. 1 in the transcript. The trouble with said bill is that while it sets forth what the district attorney said to the jury, and the objection made thereto by appellant's counsel, viz: that there was no such testimony in the record, still said bill makes no other showing of the fact that there was no such testimony before the jury. The subject is treated at length in sections 261-2-3 of volume 4, Texas Jur., where are cited Poteet v. State, 112 Texas Crim. Rep., 466, 17 S. W. (2d) 46; Uhl v. State, 112 Texas Crim. Rep., 466, 15 S. W. (2d) 615; Kirk v. State, 111 Texas Crim. Rep., 388, 13 S. W. (2d) 106; Smith v. State, 104 Texas Crim. Rep., 616, 286 S. W., 223; Murff v. State, 103 Texas Crim. Rep., 617, 281 S. W., 1076, and many other cases of similar import. It seems plain that the approval by the trial judge of a bill of exception merely setting out the objections to a stated argument, would be nothing more than the certificate of the judge that such objections were made. In addition to stating that the objection was made on this ground, the bill should go further and state that no such evidence was in fact in the record.

Nor can we agree that the testimony in this case was insufficient. Appellant came home from a party in the night time with a man other than her husband who apparently was at home in bed. In a short time shots were heard. The husband was found mortally wounded. Appellant admitted the killing. At the time she made no claim of self-defense, but said that she did not know why she shot him. It was in proof that at once after the shooting she called a number of times the name of the man who took her home from the party; also that deceased was in a good humor when appellant got to her home that night; also that a fresh bullet hole in the wall was discovered later to be covered by a piece

of pasteboard stuck on with gum; also in conversation with a sister of deceased after the killing appellant said she had killed him and would kill her. True, appellant testified on this trial that she shot in self-defense, but the jury had the right to reject her testimony and take into consideration the manner of her testimony together with other facts and circumstances to arrive at the conclusion that she was guilty.

The motion for rehearing will be overruled.

*Overruled.*