### BILL DAVIS v. THE STATE.

No. 14740. Delivered February 3, 1932.

The opinion states the case.

*C. E. Florence,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The statement of facts does not appear to have been filed in the trial court. This court will not consider a statement of facts which fails to show that it has been filed in the trial court. Poteet v. State, 112 Texas Crim. Rep., 466, 17 S. W. (2d) 46.

Notice of appeal was given on May 13, 1931, and appellant was then given eighty days in which to file bills of exception. On August 3, 1931, the trial judge made and filed an order of extension granting ten days additional within which to file bills of exception. This order was entered two days after the expiration of the original order. Hence the court was without power to make such order at the time he made it. Weimer v. State, 116 Texas Crim. Rep., 282, 32 S. W. (2d) 652. The only bill of exception found in the record was filed August 10, 1931. This bill was filed too late and cannot be considered.

The indictment charged the sale of intoxicating liquor and was followed by the charge of the court and the verdict of the jury. In entering judgment, it was shown that appellant was convicted of the offense of selling liquor. The sentence followed the judgment of the court. The judgment and sentence will be reformed to show that appellant was convicted of selling intoxicating liquor.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.