## P. A. ROGERS v. THE STATE.

No. 16046. Delivered November 1, 1933.
Appeal Reinstated March 21, 1934.
Reported in 69 S. W. (2d) 769.

The opinion states the case.

*Searcy & Hodde,* of Brenham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

It is not made to appear that the statement of facts was filed in the trial court. This court is not authorized to consider a statement of facts which fails to show that it has been filed in the trial court. Davis v. State, 45 S. W. (2d) 1101, and authorities cited.

In the absence of a statement of facts we are unable to appraise the bills of exception found in the record.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that the statement of facts was filed in the trial court. Hence the appeal will be considered on its merits.

The indictment charged ordinary theft, it being averred that one head of cattle was fraudulently taken by appellant from the possession of H. W. Buck. In our opinion the state's evidence shows that H. W. Buck was not in possession of the animal alleged to have been stolen. Mr. Buck testified that he bought a yearling from appellant on August 12, 1932, paying him therefor five dollars in cash and the balance in merchandise from his store. The animal he purchased was with appellant's cattle in Kenny Bowen's pasture. At the time the sale was made appellant stated to Mr. Buck that he would look after the yearling. At no time did Mr. Buck see the animal he bought. He testified: "He (appellant) didn't deliver it to me; he left it there where it was when I bought it. Yes, it was where he said his other cattle were." The arresting officer, who was a witness for the state, testified that appellant stated to him at the time he made the arrest that he killed the animal he had sold Mr. Buck but that he intended to give him a larger year-

ling in place of it. It appears that the yearling was killed approximately two and one-half months after appellant sold it to Mr. Buck. The hide was found in the possession of Ben Hutchinson, who testified for the state that appellant owed him five dollars, and turned the yearling over to him to kill, and he and appellant killed the animal and divided the meat. He testified, further, that appellant told him he had three head of cattle, and that, going to Mr. Bowen's pasture, they got the animal they killed. Again, he testified that appellant kept his cattle in Mr. Bowen's pasture. It appears from his testimony that it was after nine o'clock in the morning that the animal was taken from Mr. Bowen's pasture and that the parties killed it in the afternoon. Mr. Bowen, who was in charge of the Bowen pasture, testified that he had no character of control over Mr. Buck's cattle. Appellant did not testify in his own behalf.

We think it is clear that Mr. Buck, in whom possession was alleged, had permitted appellant to retain possession of the alleged stolen animal. The state's proof showing appellant himself was in possession of the animal alleged to have been stolen, he cannot be convicted of the offense of ordinary theft.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.