## Ed House v. The State.

No. 18039.   Delivered April 1, 1936.
Rehearing Granted May 27, 1936.
State's Rehearing Denied (Without Written Opinion) June 10, 1936.

The opinion states the case.

*Hamilton & Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for three years.

It is not made to appear that the statement of facts was filed in the trial court. This court is not authorized to consider a statement of facts which fails to show that it has been filed in the trial court. Rogers v. State, 69 S. W. (2d) 769.

In the absence of a statement of facts we are unable to appraise the bills of exception found in the record.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that the statement of facts was filed in the trial court within the time prescribed by statute. We therefore consider the case on its merits.

A former appeal is found reported in 76 South Western, Second Series, at page 511, (127 Texas Crim. Rep., 308). The testimony adduced on the present trial is substantially the same as that set forth in the opinion on the former appeal.

Appellant introduced witnesses who testified that they were present when he bought the trailer in question. In short, their testimony raised the issue of purchase in good faith. Among the witnesses giving testimony supporting this defensive theory were B. D. Wiley and Tom Lee. It is shown in bill of exception No. 1 that after Lee had testified to the effect that he saw appellant buy the trailer, the district attorney asked him on cross-examination whether he had testified as a witness for appellant in another case in Hall County. The court sustained

appellant's objection and instructed the jury to disregard the question for any purpose. Anticipating that the district attorney would propound the same question to Wiley, who was later to be called to the stand, appellant's counsel approached the bench and requested the court to instruct the district attorney to refrain from asking said question. The court declined to comply with the request and advised counsel that he would rule on the question when the objection was made. When Wiley took the stand he testified, not only to facts raising the issue of alibi, but further testified that he was present and saw part of the transaction in which appellant bought the trailer in question. On cross-examination the district attorney asked the following question: "Mr. Wiley, you have testified for Ed. House before, haven't you?" The witness answered in the affirmative. The objection of appellant's counsel was sustained. The district attorney then stated to the court, in the presence and hearing of the jury, that he had a right to ask the question in order to show that in a similar case the witness had given similar testimony for appellant, and, further, that he had a right to show that he was a professional witness for appellant. Appellant also excepted to the remarks of the district attorney. The court instructed the jury to disregard the question propounded to the witness and his answer thereto, as well as the remarks of the district attorney. There was no testimony in the record that appellant had been previously tried for a similar offense. Notwithstanding the court had sustained the objection to the question propounded to Lee, the district attorney propounded the same question to Wiley, and, in connection therewith, after the objection had been sustained, in effect, advised the jury that he would show that the witness had testified in similar cases and was a professional witness for appellant. Appellant's general reputation as a peaceable and law-biding citizen was not in issue. He did not testify in his own behalf. We are of opinion that reversible error is presented.

The motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.