WATSON McCANDLESS v. THE STATE.

No. 18182. Delivered April 15, 1936.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of property over the value of fifty ($50.00) dollars; the punishment is confinement in the state penitentiary for a term of two years.

The record shows that upon the trial of this case the appellant entered a plea of guilty to the charge contained in the indictment after having been admonished by the court of the consequences of such plea; and after the court had fully satisfied himself that appellant was of sound mind, that he was not influenced to make said plea by any consideration of fear nor any persuasion or delusive hope of a pardon prompting him to confess his guilt. Appellant filed a plea for suspension of sentence in the event of conviction which, together with the plea of guilty supported by circumstances, was submitted to the jury by the court under an appropriate instruction. The jury found him guilty and assessed his punishment at confinement in the state penitentiary for a term of two years and recommended that his sentence be not suspended.

Appellant within the time prescribed by law filed a motion for a new trial in which he averred that the sheriff of said county had promised him a suspended sentence if he would plead guilty; that he relied upon such a promise on the part of the sheriff and believed that he would be given a suspended sentence and in pursuance of such agreement and understanding with the sheriff he entered said plea; that but for such a promise on the part of the sheriff he would not have entered said plea. Upon the hearing of the motion the court heard testimony by both, the appellant and the sheriff. The appellant admitted that the court admonished him of the consequences of such a plea and inquired if he was influenced to make such plea by any consideration of fear, persuasion or delusive hope of a pardon, to which he replied that he was pleading guilty of his own free will and accord and had not been persuaded to enter such plea; however, that he had been promised a sus-

pended sentence by the sheriff, but that he knew that unless the jury recommended suspension he was not entitled to it. At the conclusion thereof the court overruled the motion. The granting or refusing of a motion for a new trial ordinarily rests within the sound discretion of the court and this court would not be authorized to disturb the trial court's judgment unless it was made to appear that he acted arbitrarily and abused his discretion. See Koch v. State, 10 S. W. (2d) 545, in which a similar question as here presented was before this court and decided adversely to appellant's contention. See also Hawkins v. State, 270 S. W., 1025.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.