JESS TAYLOR V. THE STATE.

No. 21465.  Delivered March 12, 1941.
Appellant's Motion to Reinstate Appeal April 9, 1941.
Rehearing Denied May 7, 1941.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is selling whisky in a dry area; the punishment, confinement in jail for sixty days.

The original transcript embraced an incorrect judgment and merely showed a docket entry of notice of appeal. After the filing of the original transcript in this court the clerk of the court below forwarded a supplemental transcript showing on its face a correct judgment and proper entry of notice of appeal. Thereafter the clerk forwarded a certificate to this court showing that neither the judgment nor the notice of appeal shown in the supplemental transcript had been entered into the minutes of the court below. Not only the judgment but the notice of appeal should have been carried into the minutes. Under the circumstances, this court is without jurisdiction. We quote Article 827, C. C. P., as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

It is not made to appear that the statement of facts was filed in the trial court. This court is not authorized to consider a statement of facts which fails to show that it has been filed in the trial court. House v. State, 94 S. W. (2d) 1158.

In the absence of a statement of facts, we are unable to appraise the bills of exception found in the record.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

This case, like that of Rice v. State, No. 21,466, this day decided, is presented to us in piecemeal without any apparent excuse therefor. This case was originally disposed of in the same manner and upon the same grounds as the Rice case. Since then, a sufficient showing has been made to authorize us to consider the statement of facts and bills of exception.

The statement of facts discloses that Upshur County is a dry area; that on or about the 21st day of July, 1940, appellant, in said county, sold to one G. H. Keelan, an agent of the Texas Liquor Control Board, a half gallon of whisky. Appellant waived a trial by a jury and entered a plea of guilty. Consequently the conviction is fully justified.

By Bill of Exception No. 1 appellant complains of the court's action in overruling his motion for a continuance based on the ground that the jury panel from which he would be required to select a jury had heard the testimony of the State's witness, Keelan, in the case of Rice v. State, convicted the accused; that this defendant is charged with a similar offense; that Keelan is also the State's principal witness in this case and the jury would be prone to accept his testimony as true.

This contention is without merit inasmuch as appellant waived a jury and entered a plea of guilty to the court.

His second contention is based on the absence of a witness for whom he had not had any process issued; hence he failed to exercise proper diligence to secure the attendance of said witness.

Bills of Exception Nos. 2, 3 and 4 have been examined by us and, in our opinion, fail to reflect any reversible error.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.