# 238

**Ex parte Alvis THOMAS, Jr.**

**No. 44207.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Jan. 4, 1972.

John Ellis, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order denying relief in a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

Thomas contends that he was coerced into pleading guilty in one case and dismissing his appeal in another case and that he had ineffective assistance of counsel.

We affirm.

He was convicted on the 26th day of January, 1966, in Cause No. C–65–375KI for the offense of robbery by firearms in Criminal District Court No. 2 of Dallas County. He was found guilty by a jury. His punishment was assessed by the court at forty-five years. He dismissed his appeal on April 1, 1966, in the trial court. The same day he entered a plea of guilty in Cause No. C–66–1439–LI, a robbery by assault charge, after an allegation of a prior conviction for robbery was dismissed. His punishment was assessed by the court at forty-five years. The sentences were not cumulated and were therefore to run concurrently.

At the hearing in the convicting court, Thomas testified that his counsel refused to call the co-indictee Robertson who would have testified that he (Thomas) was not at the robbery. He also testified that he was charged by robbery with firearms and that he was told by his attorney that if he did not plead guilty in the second case, the prosecutor would get another indictment charging him as an habitual offender and that he would get a life sentence.

The Honorable John Vance, now a district judge, who was the prosecutor at the second trial, testified at the hearing that he had nothing to do with the withdrawal of the appeal in the first case and that he did

not threaten Thomas or tell his attorney that the appeal in any case would have to be dismissed.

Appellant's trial attorney testified at the hearing that in 1966 he had been an attorney some fourteen years and had handled many criminal cases and that there was some discussion with Thomas about the sentences being concurrent. The attorney further testified that he did not recall if Thomas wanted to call the co-defendant Robertson, but he did know that Robertson had a lengthy record. The attorney stated that Thomas understood that if he entered a plea of not guilty he could conceivably have the cases "stacked" or receive a life term, and that Thomas also understood that the State would recommend a punishment of forty-five years in the second case.

■ A copy of the transcription of the court reporter's notes at the second trial was introduced at the hearing. It shows that Thomas was duly admonished by the trial judge, the Honorable Henry King, before the plea of guilty was accepted, and that Thomas testified that he was guilty of the offense charged in the indictment. This record shows that Thomas also testified that no threats were made against him or promises made to him by anyone.

The Honorable Charlie Davis who conducted the habeas corpus hearing found that the trial attorney rendered reasonably effective assistance of counsel. He found that counsel had subpoenas issued for witnesses, but did not call the co-defendant to the stand for tactical reasons. On the matter of the alleged coercion, Judge Davis found the testimony to be in conflict with that of the prosecutor and the defense counsel and that Thomas' testimony was utterly false.

■ Assuming that the reason Thomas entered a plea of guilty was to avoid a greater punishment, he would not be entitled to relief. In a somewhat similar situation, the Supreme Court of the United States in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), held that where a defendant enters a plea of guilty based on his desire to avoid a possible death penalty there are no grounds for setting aside the conviction.

On the same grounds urged for setting aside his plea of guilty Thomas suggests that the dismissal of the appeal in the first case was invalid.

Judge Davis found no coercion. His finding is supported by the record and for this reason the relief sought should be denied.

■ Further, there appears no reason for applying a different standard to the dismissal of the appeal under the circumstances of this case than is applied to a plea of guilty. In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court of the United States held that a judgment on a plea of guilty would not be set aside, even though Alford stated that he was innocent at the time he entered a plea of guilty. The plea was made to avoid the death penalty. The court noted, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

The petitioner in this cause appears to have made a voluntary and intelligent choice to take the benefits offered to him in the form of a plea of guilty in return for the prosecutor's recommendation of a forty-five year concurrent sentence. This record does not reflect that this choice was either involuntary or unintelligent. To forego the remedy of appeal in one case to take advantage of a prosecutor's offer in another case certainly would not appear to be prohibited by any constitutional mandate. See McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

There has been no showing in this record that counsel made any error in judgment or in law or that he was inadequate or ineffective.

The order of the hearing court denying relief is affirmed.