**Joe Edward BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46571.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, upon a plea of guilty, ten (10) years.

The record reflects that appellant waived his right to trial by jury and entered into a sworn written stipulation of evidence in which he stated:

". . . I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case: That I did shoot and kill my wife Bobbie Jean Brown on June 30 1971 without any cause that would excuse or justify my act."

Appellant's two grounds of error contend that his guilty plea was involuntary because his retained counsel misled him and did not fully advise him of his rights.

At the hearing on the motion for new trial, appellant testified that his counsel did not fully explain the consequences of his plea to him and led him to believe he would receive a stiffer sentence from a jury. He also testified that despite the fact that two assault with intent to murder cases were dismissed and he received a ten (10) year sentence in this case, he expected to receive either probation in the case at bar or a dismissal of the charges.

In our recent case of Gaither v. State (Tex.Cr.App.), 479 S.W.2d 50, we quoted

Schnautz v. Beto (5 Cir.), 416 F.2d 214, where the court concluded, as we do here that:

"All pleas of guilty are the result of some pressures or influences on the mind of the defendant . . . . This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea bargaining situation . . . . The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced."

Appellant has failed to show that his plea was anything but voluntary. See also Ex parte Thomas (Tex.Cr.App.), 474 S.W.2d 238.

The judgment is affirmed.