**Le Marion KELLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47421.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Joe B. Goodwin (On appeal only), Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for robbery by assault on a plea of guilty to the court; the punishment, five (5) years.

The sole ground of error advanced by his attorney is that the court erred in not granting a new trial because he says the undisputed record shows that appellant was persuaded and overreached by his attorney to enter a plea of guilty.

Appellant's trial attorney was retained, but he is represented by a different retained attorney on the appeal.

The stipulated evidence, including a judicial confession of appellant showed that Le Marion Kelly and Johnny O'Neal Henry assaulted Mary Bourgeois from behind, tried to take her purse, and when she resisted, they threw her to the ground, hurt both her legs, threw away the groceries she was carrying, pulled her purse from her arm by force, and fled with the purse. This robbery was in broad daylight and was witnessed by three other people, one of whom knew appellant by name and at least two of whom identified him as one of the robbers.

After being duly admonished, the sufficiency of which is not questioned, the appellant understandingly and voluntarily entered a plea of guilty. He asked for but failed to be granted probation, whereupon he filed a motion for new trial. On the hearing held on the motion for new trial, he gave this testimony:

"Q When did you first know you were going to trial?

"A I first knew I was going to trial when my lawyer, Mr. Voyles, told me to enter a plea of guilty because I was going to trial and that, you know—

"Q Now, when you—did you take his advice and come here and plead guilty?

"A Yes?

"Q Did you take his advice and come in here and plead guilty?

"A Yes sir, I did.

"Q And the Court did at that time ask you, did he not, whether you were pleading guilty because you were guilty and for no other reason?

"A Yes, sir, the Court did.

"Q And he further told you what the punishment was for Robbery, did he not?

"A Yes, sir.

"Q And you persisted in entering your plea, notwithstanding the fact that the Court admonished you as to the consequences of your plea, is that right?

"A Yes, sir that's right.

"Q Now, will you tell the Court what apprehension you were under or what caused you to enter the plea of guilty?

"A Well, I entered the plea of guilty because my lawyer told me it was the best thing to do, you know, because he would try—he would ask for probation and they had three witnesses.

"Q He told you they had three witnesses to it?

"A Right. He told me they had three witnesses to it.

"Q And that you couldn't beat it, or what?

"A That I couldn't beat it, you know, if I tried to fight it I would probably get more time."

Whether trial counsel's advice to plead guilty was wise or unwise, it is the rule that the good faith advice of retained counsel, even if such advice be in error or mistake, cannot be the basis of a claim of reversible error. See Erdelyan v. State, Tex.Cr.App., 481 S.W.2d 843; Brown v. State, Tex.Cr.App., 491 S.W.2d 124, and Koch v. State, 110 Tex.Cr.R. 405, 10 S.W.2d 545. The opinion in *Koch* is particularly interesting, in that defendant there, as here, specifically testified on the motion for new trial that his plea of guilty was the result of his counsel's persuasion, and further claimed, as here, that he was "not guilty." Presiding Judge Morrow said, in affirming Koch's conviction:

"The opinion is expressed that, in overruling the motion for new trial, there was no abuse of discretion of the trial court. The appellant's testimony that he acted under the persuasion of his counsel was unsupported, and is in conflict with his declarations to the court at the time the plea of guilty was received. We think the trial court was not bound to accept as true the testimony of the appellant upon the motion for new trial."

We overrule appellant's contention, and affirm the judgment.

Opinion approved by the Court.