James Earl **DAVIS**, Appellant,

v.

**STATE of Texas, Appellee.**

No. C14–83–363CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1985.

William Carpenter, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated sexual abuse of a child pursuant to TEX. PENAL CODE ANN. § 21.05 (Vernon 1974), and was sentenced to twenty years' confinement. He argues that his conviction should be reversed because his plea of nolo contendere was involuntary. We agree and reverse the judgment.

Appellant pled not guilty and demanded and received a trial by jury. The State presented two witnesses, the victim and her brother. After they testified, Appellant's attorneys called him to the stand in an attempt to persuade him to plead nolo contendere so that the court would conduct a pre-sentence investigation *before* assessing punishment. Mr. Fry and Mr. Nahas are Appellant's attorneys. The testimony was as follows:

QUESTIONS BY MR. FRY:

MR. FRY: Mr. Davis, has Mr. Nahas informed you that the State, *in exchange for either a plea of guilty or nolo contendere, that you would have a presentence investigation* run on your background?

THE DEFENDANT: Yes.

MR. FRY: And he informed you that the *presentence investigation would be forwarded to the Judge* and you would have a hearing on your punishment to determine what the punishment would be?

THE DEFENDANT: Yes.

MR. FRY: And you have refused to go along with that offer?

THE DEFENDANT: Yes, sir.

MR. FRY: And it is your desire to have the jury trial; is that correct?

THE DEFENDANT: Yes, sir.

MR. FRY: And you do want the Judge to sentence you after the jury trial if you are found guilty?

THE DEFENDANT: Yes, if I'm found guilty.

QUESTIONS BY MR. NAHAS:

MR. NAHAS: I have gone over the facts in the case many times with you, have I not?

THE DEFENDANT: Yes, sir.

MR. NAHAS: And I have consistently and persistently asked you to take a nolo contendere [sic] and upon which plea the Court will promptly find you guilty *and then go for a presentence investigation;* isn't that right?

THE DEFENDANT: Yes, sir.

MR. NAHAS: And you have fought me and refused to do that. Now today at recess I had a conference with you and also with Mr. Fry, was that correct?

THE DEFENDANT: Yes, sir.

MR. NAHAS: And I told you, in my opinion, that the evidence adduced thus far is very controverted, did I tell you that?

THE DEFENDANT: Yes.

MR. NAHAS: And I asked you again today at noon? As a matter fact, I got back here at 1 o'clock; isn't that right?

THE DEFENDANT: Yes, sir.

MR. NAHAS: And talked to you some more about reconsidering and taking the case away from the jury and *entering a no contest* [sic] to the Court, *with a presentence investigation;* is that right?

THE DEFENDANT: Yes, sir, it is.

MR. NAHAS: And you wanted to talk to Mr. Fry about it? Now, without any encumbrances or coaxing of myself or

Mr. Fry, what is your wish and desire to do?

THE DEFENDANT: *To continue it. I know I'm innocent.*

MR. NAHAS: Continue before the jury?

THE DEFENDANT: Yes, sir.

At this point the trial judge intervened:

THE COURT: Mr. Davis, just so you understand wverything [sic], I am not telling you what to do at all. Let's get that straight. I am just telling you that if the jury does find you guilty, we are not presupposing anything.

THE DEFENDANT: Yes, sir.

THE COURT: If they do find you guilty, *we will hold a punishment hearing immediately after that* and the Court will determine at that time. Do you understand *a presentence investigation may or may not be ordered by the Court?* It is really up to the Court's discretion whether one will be ordered or not. Do you understand?

THE DEFENDANT: Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Please feel free to take five minutes, if you want to talk with whomever you want. We do not want to rush anyone into any plea or any decision. It is just that we have a jury waiting back there. I just need to know. I am going to give you five minutes to talk to whomever you want about what to do. Certainly included in that are your attorneys. You hired them for that purpose of advising you. That is all they are doing is advising you. The ultimate decision is yours. Talk with whomever you want in that time and just let the Court know whichever way you want to go. We will go on with the trial. *If you want to plead nolo contendere or guilty, you may do that. The Court will follow your wishes at that time.* So talk with whomever you want to during this five minutes.

(A short recess.)

THE COURT: What are we going to do?

MR. NAHAS: *Plead no contest and set* [sic] *a PSI* [pre-sentence investigation] *but I want it in writing.*

THE COURT: Dictate what you want to do. You can just ask some questions.

In ground of error one, Appellant alleges that his plea should not have been accepted because it was not freely, knowingly or voluntarily made. In effect, he argues that his attorneys exerted extreme pressure on him to plead nolo in order to receive a PSI. Appellant strenuously resisted their efforts and he changed his plea only after the trial judge intervened and advised him that the court would "follow your wishes" and consider a PSI on a plea, *but might not consider it if the jury found him guilty.*

After the foregoing testimony the court then accepted the plea and advised Appellant that it would make a determination of punishment after receiving a pre-sentence investigation report and asked Appellant if that was his understanding. Appellant replied, "Yes, sir." The court then discussed State's Exhibit One, which outlined the offense, and the trial judge showed Appellant that it included a *requirement for a pre-sentence investigation report* "to help the court in its determination." The court asked if Appellant objected to its introduction as evidence and Appellant replied, "No, sir." The court then set a date for a hearing on punishment at such a time as the court "will have received a pre-sentence investigation report."

Cases which address the problem of impermissible coercion by defense attorneys are few and far between. In *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court addressed the issue of voluntariness in general and reiterated the applicable standard of review:

[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harrassment), misrepresentation (including unfulfilled or unful-

fillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes). *Id.* at 755, 90 S.Ct. at 1472 (cite omitted). Additionally, the Court instructed that all relevant circumstances must be considered when determining the voluntariness of a plea. *Id.* at 749, 90 S.Ct. at 1469.

The court of criminal appeals applied this standard in *Kelly v. State,* 499 S.W.2d 154 (Tex.Crim.App.1973). In *Kelly,* as in the case at bar, the defendant affirmed that his plea was voluntary in responding to the judge's admonishments but continued to assert his innocence. The court overruled the defendant's contention that the plea was not voluntary and quoted *Koch v. State,* 110 Tex.Crim. 405, 10 S.W.2d 545 (1928), which overruled a similar contention stating that the argument was unsupported and was in conflict with his responses to the trial judge's admonitions. *Kelly v. State,* 499 S.W.2d at 156. As set out in *Brady,* this determination was reached after reviewing the totality of the circumstances. *Brown v. State,* 491 S.W.2d 124 (Tex.Crim.App.1973), restated this proposition, explaining that in determining whether a plea is voluntary, the fact that all guilty pleas result from some pressure must be kept in mind. However, the court continued, the critical issue is whether, under all the facts and circumstances, the plea was voluntary. *Id.* at 125. *See also Rodriguez v. State,* 489 S.W.2d 121 (Tex. Crim.App.1972).

In view of the totality of the circumstances of this case, we cannot say that Appellant's plea was voluntary although no action of the attorneys fit into one of the *Brady* categories. Appellant asserted his innocence at all stages of the proceeding, with the exception of when he pled nolo. He rejected his attorneys' advice to plead nolo on numerous occasions. He even rejected the State's offer of two years' confinement in exchange for a plea, preferring to cast his lot with the jury. Appellant stood firm on his plea of "not guilty" until the trial judge implied that he would not order the pre-sentence investigation report if the jury found him guilty, gave Appellant "five more minutes" to reconsider and then allowed Appellant's counsel one more opportunity to persuade Appellant to plead nolo contendere. The overwhelming importance that Appellant's attorneys placed on the PSI report, and the position the court took on agreeing to a PSI report on a plea but not on a finding of guilty, convince us that Appellant did not voluntarily enter a plea.

Also of importance is the testimony given at the punishment hearing. A polygraph examiner with fourteen years of experience as an examiner for the Houston Police Department administered two polygraph examinations to Appellant. He testified that Appellant told the truth when he denied committing the crimes and in his opinion, Appellant was innocent. Further, Appellant testified that charges were filed against him solely because his wife had previously filed for divorce and wanted custody of their children. The District Attorney extracted information that Appellant's wife had left their daughter, whom Appellant was charged with abusing, in his care on several occasions since the date he allegedly sexually abused her. Finally, he again asserted his innocence at the punishment phase of the trial. That remark prompted the trial judge to question why he pled nolo contendere if he was innocent. The court should have granted Appellant's Motion for New Trial, and failure to do so was an abuse of discretion.

We agree with the sentiment expressed by Judge Onion in his dissent in *Thomas v. State,* 599 S.W.2d 823 (Tex.Crim.App.1980): "It offends my sense of justice that a guilty plea proceeding is allowed to continue despite a defendant's protestations of innocence."

We sustain ground of error one. In light of our disposition of ground of error one, it is unnecessary for us to rule on Appellant's other grounds of error.

The judgment is reversed and remanded for new trial.